Kinningham v. The State.

Filed June 8, 1889.

---

No. 14,910.

## KINNINGHAM *v.* THE STATE.

CRIMINAL LAW.—*Arson.*—*Attempt to Commit.*—*Indictment.*—An indictment charging that the defendant did "unlawfully, feloniously and wilfully *attempt* to set fire to and burn and destroy" a building, is bad, no act being charged.

SAME.—*Indictment Must State the Acts Done.*—To constitute crime there must

Platt *v.* Brickley.

be both an act and a guilty intention, and the acts done by the accused must be stated in the indictment.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ELLIOTT, C. J.—Several objections are urged against the indictment upon which the appellant was convicted, but we deem it necessary to notice only one of them. The indictment charges in general terms that the defendant did "unlawfully, feloniously and wilfully attempt to set fire to and burn and destroy a certain frame building, commonly called a barn." No act is charged, and the indictment is radically bad. The charge that the defendant did attempt to do a designated thing is really little more than an averment that he intended to do the thing, and to constitute crime there must be both an act and a guilty intention. Where it is sought to charge an accused with a crime, the acts done by him must be stated. 1 Bishop Crim. Law, section 659.

Judgment reversed.

Filed June 8, 1889.