No. 15,153.

## KINNINGHAM *v.* THE STATE.

CRIMINAL LAW.—*Arson.*—*Attempt to Commit.*—The statute relating to arson, R. S. 1881, section 1927, prescribes no penalty for an attempt to commit arson, and the offence defined is complete, and the penalty enforceable, only when property is actually burned.

From the Decatur Circuit Court

*J. S. Scobey,* for appellant.

ELLIOTT, C. J.—This case is here for the second time—*Kinningham* v. *State,* 119 Ind. 332. When it was here before, the appellant's contention was, that the indictment was bad, because it did not state the facts constituting the crime of an attempt to commit arson, and this contention we sustained. The point is made, on the indictment before us on this appeal, that the statute does not prescribe any penalty for an attempt to commit arson, and we are reluctantly driven to sustain the appellant's position on this question.

The statute is confused and lame. R. S. 1881, section 1927. The offence, really defined, is complete, and the penalty enforceable, only when property is actually burned; for, in one place, and that a controlling one, the provision is: " The property so burned being of the value of twenty dollars or upwards." The effect of this provision is to make it essential that property of the value of twenty dollars should be burned, for unless property of that value is actually burned, there is no offence which can be punished.

But there is another clause which must not be overlooked, and that is the one fixing the penalty, which reads thus: " And upon conviction thereof, shall be imprisoned in the State prison not more than twenty-one years nor less than one year, and fined not exceeding double the value of the property destroyed." It is impossible to escape the conclu-

sion that the penalty can not be enforced unless some property has been actually destroyed, or injured, by fire.

There is no elasticity in statutes defining criminal offences, and their meaning can not be enlarged by construction, nor can the courts supply omissions; that can only be done by the Legislature. Where there is no penalty denounced for a statutory crime, none can be prescribed by the judiciary.

The judgment must be, and is, reversed.

Filed Oct. 15, 1889.