## JAMES WILLIAMS v. STATE.

### No. A-1842.   Opinion Filed November 29, 1913.

#### (136 Pac. 599.)

1. **RAPE—Indictment—Sufficiency.** To constitute a good charge of attempt to commit the crime of rape under section 2803, Rev. Laws 1910, some act done towards the commission of the crime and the failure must be alleged, and it is also necessary to allege an intent to feloniously have sexual intercourse by committing a rape as defined by section 2414, Rev. Laws 1910.

2. **APPEAL—Modification of Judgment.** Under section 6003, Rev. Laws 1910, of the Code of Criminal Procedure, this court, in the furtherance of justice, has the power to modify any judgment appealed from by reducing the sentence.

3. **RAPE—Assault with Intent to Commit Rape—Sufficiency of Evidence.** The evidence in this case considered, and held sufficient to show an assault with intent to commit rape.

*Appeal from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

James Williams was convicted of attempt to commit rape, and appeals. Modified and affirmed.

*W. W. Vaughn* and *Bristow & McFadyen,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a judgment of conviction entered on the 10th day of April, 1912, in which the defendant was adjudged guilty of the offense of attempt to commit rape, alleged to have been committed on or about the 17th day of February, 1912.

The charging part of the information is as follows:

"One James Williams, then and there being, did then and there intentionally, unlawfully, willfully, and feloniously make an assault upon one Mrs. W. W. Hyden, a female person over the age of eighteen years, and of previous chaste and virtuous character, with an intent, her, the said Mrs. W. W. Hyden, unlawfully and feloniously to rape, ravish, and carnally know, and he, the said James Williams, did then and there attempt to unlawfully and feloniously rape, ravish, and carnally know the said Mrs. W. W. Hyden; the said Mrs. W. W. Hyden not being the wife of the said James Williams."

The verdict of the jury, omitting formal parts, is as follows:

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find the defendant James Williams guilty as charged in the information herein, and submit his punishment to the court."

The judgment and sentence of the court was that the defendant serve a term of 25 years' imprisonment in the penitentiary.

The petition alleges various assignments of error; but the defendant's counsel, in their brief, say:

"This case is brought to this court upon the one proposition, that of the punishment being for a greater period than authorized under the information and the law governing the punishment in this case, in that by said information the defendant is charged with the offense of assault with intent to commit rape, under section 2319, Comp. Laws 1909 (section 2338, Rev. Laws 1910), providing that: 'Any person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this Code, is punishable by imprisonment in the state penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment' "

—and conclude by saying:

"If we are right in this contention, then this case should be reversed, or the punishment should be reduced in keeping with the law, and such error should be corrected by the judgment and finding of this court."

The only question presented is the sufficiency of the information to charge an offense under section 2803, Rev. Laws 1910, providing:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows."

The Attorney General has filed a confession of error, which, after reviewing the record, concludes as follows:

"Our Code recognizes two separate and distinct crimes in this respect, each punishable under separate provisions of the law. It follows then that, in order for this judgment to stand, the information should have been sufficient to charge the crime of an attempt to commit rape. In this respect we think it fatally defective, in that it does not set out the facts which constituted the alleged attempt. It is, however, perhaps sufficient to charge the crime of assault with intent to commit rape, and, as the trial court instructed on the law applicable to such an assault, and as the jury returned a general verdict of guilty as charged in the indictment, we think the court should have pronounced judgment, and sentenced the defendant under section 2338, *supra.*"

It appears from the record that about the hour of 7 o'clock, p. m. on the date alleged Mr. W. W. Hyden left his wife and family at his home on the Engle ranch, about two miles southeast of Binger, and went to town, and on his way stopped where the defendant stayed, and told him that he was going to Binger to arrange for Mr. Engle to pay him for picking cotton. Shortly afterwards the defendant, a negro, went to his home, and, standing in the road, called Mrs. Hyden, and told her that her husband had fallen from his horse, and was lying in the road with a broken leg, and asked her to come and help carry him home. The night was dark, and she went with him some distance before she discovered he was a negro. She then ran to a nearby neighbor's house; the defendant followed her, and called to her to stop. Shortly afterwards her husband returned. The defense was an alibi.

In a prosecution for attempt to commit rape under section 2803 (Rev. Laws 1910) of the Penal Code, in order to consti-

tute a good charge of attempt to commit the crime of rape, it is necessary to aver in the information some act done toward the commission of the crime and the failure. It is also necessary to aver, where the female is over the age of eighteen years, an intent to feloniously have sexual intercourse by committing a rape as defined by the Penal Code. Section 2414, Rev. Laws 1910.

In the case of *Cunningham v. Commonwealth,* 88 Va. 37, 13 S. E. 309, the Supreme Court of Appeals of Virginia held that to aver that accused "violently and feloniously made an assault" is sufficient to aver an act done in the attempt. However, we cannot follow this case as a precedent, as the provisions of our Penal Code in this respect are different. The sufficiency of the information to charge the crime of attempt to commit rape was not challenged by proper demurrer or by motion in arrest of judgment. The information is sufficient to charge the crime of assault with intent to commit rape, and the evidence is sufficient to sustain a conviction of either offense.

Our Criminal Procedure Act provides that:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial." (Section 6003, Rev. Laws 1910.)

Under this statute, this court, exercising its revisory jurisdiction, has the power and authority to modify any judgment appealed from by reducing the sentence. *Fritz v. State,* 8 Okla. Cr. 342, 128 Pac. 170.

From a careful examination of the record, we are satisfied that the confession of error should be sustained, in that upon the verdict returned the trial court should have considered it a verdict of guilty of assault with intent to commit rape. For this reason, the judgment appealed from will be modified, and the sentence reduced to five years' imprisonment in the penitentiary, the maximum punishment prescribed for assault with intent to commit rape as defined by section 2338 of the Penal Code.

The judgment and sentence of the district court of Caddo county, as thus modified, will be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.