## JOHN BOND v. STATE.

No. A-2422. Opinion Filed November 20, 1915.

(152 Pac. 809.)

RAPE — Attempt to Commit—Information—Elements of Offense. To constitute a good charge of attempt to commit the crime of rape under section 2803, Rev. Laws 1910, some act done towards the commission of the crime and the failure must be alleged, and it is also necessary to allege an intent to feloniously have sexual intercourse by committing a rape as defined by section 2414, Rev. Laws 1910.

(Syllabus by the Court.)

*Appeal from Superior Court, Tulsa County;*
*M. A. Breckinridge, Judge.*

John Bond was convicted of an attempt to commit rape and appeals. Reversed.

*T. L. Wallace,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, John Bond, was tried, convicted and sentenced to imprisonment in the penitentiary for the term of seven years. To reverse the judgment an appeal was taken by filing in this court on March 17, 1915, a petition in error with case-made.

The charging part of the information is as follows:
"that John Bond on the 9th day of March, A. D. 1914, in Tulsa County, State of Oklahoma, and within the jurisdiction of this court, did unlawfully, wilfully, and feloniously attempt to commit the crime of rape, by then and there attempting to have sexual intercourse with a female person, not the wife of the said defendant, John Bond, to-wit, Maurine Dawson, a female under the age of sixteen years, with the intent then and there upon the part of the said defendant to have unlawful sexual intercourse with the said Maurine Dawson, contrary to, etc."

Upon arraignment the defendant demurred to the information on the ground, "That the facts stated do not constitute a public offense." The demurrer was overruled and .exception taken. The attorney general has filed the following confession of error:

"This is an information for attempted rape. Stripped of verbiage it simply charges that the defendant John Bond 'attempted to commit a rape' by 'attempting to have sexual intercourse with Maurine Dawson.' No facts constituting the offense are set forth so that the defendant and the court may know with what proof the allegations of the information are to be met.

, An attempt is a trial, or endeavor, or an effort to gain a point; particularly applied to an unsuccessful endeavor. See Webster's Dictionary. Bishop says, 1, section 728, 'An attempt is an intent to do a particular thing which the law has declared to be a crime, coupled with an act toward the doing.'

All our authorities hold that this act, or these acts, must be plead.

See *Williams* v. *State,* Okla. Cr. 10 335, 136 Pac. 599;

*Hogan* v. *State* 50 Fla. 86, 39 S. 39-465;

*Yarbrow* v. *State,* N. C. 77-524;

*Thompson* v. *People,* Ill. 96-161;

*Frazier* v. *State* (53 Kans. 87, Pac. 36-58, 42 Am. St. Rep. 274;

*State* v. *Russell* (64 Kans. 798), Pac. 68-615;

*Kinningham,* S. Ind. 119-332, 21 N. E. 911;

*State* v. *Wilson,* 30 Conn. 30-500;

P. & P., 3-98; 17-663;

Wharton's Criminal Law, section 227;

Kelly's Crim. Prac., section 5;

3 Bishop's New Crim. Prac., section 81;

Chitty's Crim. Law, section 815.

While there is some little discord in the authorities the rule, we think, is well established that in all classes of 'attempted crimes' the facts and elements constituting that attempt must be set forth in the pleading. We, therefore, confess error in the above cause."

Our penal code provides:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:"

Section 2803 Rev. Laws.

Construing this section in the case of *Williams* v. *State*, 10 Okla. Cr. 336, 136 Pac. 599, this court held:

"To constitute a good charge of attempt to commit the crime of rape under section 2803, Rev. Laws, some act done towards the commission of the crime and the failure must be alleged, and it is also necessary to allege an intent to feloniously have sexual intercourse by commiting a rape as defined by section 2414, Rev. Laws."

We are of opinion that the confession of error is well founded and should be sustained. It also appears from an examination of the record that the evidence is not sufficient to support the verdict. The judgment is therefore reversed.

FURMA N and ARMSTRONG, JJ., concur.