O'Daniel *v.* State of Indiana.

[No. 23,507. Filed May 15, 1919. Rehearing denied October 17, 1919.]

1. Arson.—*Character of Property.—Proof.*—Under an indictment for arson which alleges the burning of a building of another, the state should prove a burning of that which was a part of the structure belonging to the real estate, and not the defendant's personal property in the building, which he had a right to remove. p. 479.

2. Arson.—*Proof.—Sufficiency of Agreement as to Ownership of Building.—Inference.*—In a prosecution for burning the building of another, under §2260 Burns 1914, Acts 1905 p. 584, §371, a judgment of conviction must be reversed, where the only evidence as to the ownership and the value of the building was an agreement by the parties in reference thereto which failed to fix any date of ownership, as the court on appeal will not infer the date to be that alleged in the indictment; the state, in asking for an admission from a defendant in a criminal case, should make its request as certain and accurate as the proof is required to be. pp. 479, 483.

3. Arson.—*Evidence.—Motive.—Insurance.*—In a prosecution for burning the building of another, evidence concerning insurance which the defendant had on his personal property in the building was competent to show motive, though the statute defining arson makes it a crime to burn one's own property to defraud an insurance company, a different crime than that charged. p. 480.

4. Arson.—*Value of Structure.—Statute.—Construction.*—In the statute defining arson, §2260 Burns 1914, Acts 1905 p. 584, §371, the provision fixing the value of the property burned at "twenty dollars or upwards" has reference to the value of the thing burned and not to the damage caused by the burning. p. 481.

5. Indictment and Information.—*Arson.—Value of Structure. —Surplusage.—Fine.*—In a prosecution for arson, under §2260 Burns 1914, Acts 1905 p. 584, §371, the fine may be double the value of the structure burned, subject to Art. 1, §16, of the

state Constitution, prohibiting excessive fines; hence, an allegation in an indictment fixing the damage to the structure burned at $500 is surplusage, it being sufficient to show that some burning was done. p. 481.

From Marion Criminal Court (46,711) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against John F. O'Daniel. From a judgment of conviction, the defendant appeals. *Reversed.*

*Thomas D. McGee,* for appellant.

*Ele Stansbury,* Attorney-General, *Newman T. Miller* and *Dale F. Stansbury,* for the state.

TOWNSEND, J.—Appellant was indicted for arson. §2260 Burns 1914, Acts 1905 p. 584, §371. He was tried by the court and found guilty, fined $1,000, and sentenced.

The substance of the indictment necessary to be considered in this opinion is that appellant on December 10, 1916, did set fire to and burn a certain building used for residence, manufacturing and commerce, known as 122 E. Ohio Street, in the city of Indianapolis; that the building was of the value of $50,000, and was the property of Samuel E. Rauh; that the damage done to the building by the burning was $500.

The questions arise on motion for a new trial: (1) Error in permitting evidence of insurance and proof of loss concerning certain personal property which appellant had in the building. (2) That the evidence does not show in dollars and cents what damage was done to the building, and therefore did not authorize a fine of $1,000. (3) That the ownership and value of the building, on December 10, 1916, is not shown by the evidence.

The evidence shows that in certain rooms of this building appellant had an engraving establishment; that

on December 10, 1916, a fire occurred, which destroyed the personal property belonging to appellant. It is not clear from the evidence that there was any burning of the building; but if this were the only question presented as to the sufficiency of the evidence, it would be difficult to hold that there was not some evidence from which the court could infer that there was some burning of a part of the building in question. The state should show clearly, under the indictment here, that there was a burning of the building: a burning of that which was a part of the structure that belonged to the real estate, and not appellant's personal property or his trade fixtures in the building, which he had a right to remove.

But appellant presents a further question that is very clear from the record. At the outset of the evidence there was a stipulation as follows:

"It is hereby stipulated and agreed by the parties herein that a certain building situated in Marion county and used for the purpose of residence, manufacturer and commerce, commonly known as 122 E. Ohio street in the city of Indianapolis, Marion county, Indiana, was of the value of Fifty Thousand Dollars and was the property of one Samuel E. Rauh."

This is the only evidence of the ownership and value of the building. It will be observed that this stipulation does not fix any time of ownership. For aught that appears from the evidence, appellant himself may have been the owner of the building on December 10, 1916. He is charged here with burning the building of another. Therefore the lack of evidence as to the ownership and value of the building at the time in question is fatal, and for this reason the judgment must be reversed.

Another question presented by appellant is that the court erred in permitting evidence concerning insurance which appellant had on his personal property in his engraving business, because appellant says that the arson statute provides that it shall be a crime to burn one's own property to defraud an insurance company, and, that not being the charge here, this evidence proved a different and distinct crime. This evidence was competent to show motive.

Appellant's other contention is that, there being no evidence of the damage to the building, the court was not authorized to inflict a fine of $1,000. Appellant bases his contention upon decisions of this court. The first one being the case of *Ritchey* v. *State* (1844), 7 Blackf. 168; the second being *Kenningham* v. *State* (1889), 120 Ind. 322, 22 N. E. 313. The case in the 7th Blackford, *supra,* was decided under §25, chapter 53, R. S. 1843, and the penalty then was imprisonment and fine "not exceeding double the value of the property *destroyed."* The 120th Indiana, *supra,* turned on the proposition of an attempt to burn, and was under the acts of 1881 (§1927 R. S. 1881). The proposition was that the statute as then worded did not provide for an attempt to burn. At the next session of the legislature after that decision, the act was amended (Acts 1891 p. 402). This act, with a few enlargements and changing of the wording as to the things burned or attempted to be burned, is our present act. §2260 Burns 1914, *supra.* The act now is: "Whoever wilfully and maliciously burns or attempts to burn any dwelling house. * * * the property so burned or attempted to be burned, being of the value of twenty dollars or upwards, and being the property of another, or being insured against loss or damage by fire, and the burning or attempt to burn being with intent to prejudice or defraud the insurer, is guilty of arson, and, on

conviction, shall be imprisoned in the state prison not less than two years nor more than twenty-one years, and fined not exceeding double the value of the property burned or attempted to be burned; and should the life of any person be lost thereby, such offender shall be deemed guilty of murder in the first degree, and shall suffer death or be imprisoned in the state prison during life."

We understand appellant's point to be that, unless there is destruction of the building to the extent of $20 worth, the crime of burning is not made out. We 4. hold that the crime of burning is made out if any part of the building is burned, and that it is only necessary that the value of the thing be in excess of $20, not the damage by the burning. We also hold that it is necessary to show some burning of the structure. A burning, however slight, would be sufficient. The amount in dollars and cents of the damage done is immaterial.

As the law now stands, the fine may be double the value of the structure, subject always, however, to §16 of the Bill of Rights (Art. 1, §16, Constitution 5. of Indiana), against excessive fines. Therefore, the allegation in the pleading that $500 worth of damage was done is surplusage under the present statute. It would be sufficient to show that some burning was done. As we said before, it is difficult to tell from the evidence that there was any burning of anything other than appellant's personal property and trade fixtures. But, however this may be, there is a total failure of proof of the ownership and value of the building at the time of the fire.

The finding is therefore not sustained by sufficient evidence, and the judgment is reversed, with instructions to grant a new trial.

## ON PETITION FOR REHEARING.

TOWNSEND, J.—Counsel for the state failed in their original brief to argue or cite authority to the proposition on which the case was reversed. They now claim that their failure to argue or cite authorities on this point was because appellant's original brief did not strongly urge this point; that they were therefore surprised at the decision of the court. We might invoke the rules of the court, but state's counsel present a contention that we think should be settled.

The state says that the admission as to ownership and value of the property should be interpreted to mean on the date charged in the indictment. Numerous civil cases are cited, and one criminal case (*People* v. *Nolan* [1917], 33 Cal. App. 493, 165 Pac. 715), to sustain this contention.

The California case is based on rules laid down as to stipulations and agreements in civil cases. It contents itself with citing the text of encyclopedias of law. That text, when examined, is sustained by decisions in civil cases only. This California case is squarely in point. The defendant in that case was charged with selling alcoholic liquor in no-license territory. During the trial of the case, the state's attorney proposed to the defendant's attorney that the territory charged in the indictment be admitted to be no-license territory. Defendant's attorney said, "Yes." On appeal the point was raised that this admission did not fix the date charged in the indictment, and the court said: "We must assume that the district attorney knew that it was necessary to establish the truth of the material averments of the indictment, and that one of such averments was the existence of the no-license ordinance at the time of the alleged offense."

We are not impressed with this authority. We think

it a dangerous rule to undertake to infer what is meant
in stipulations and agreements of this kind, or

2. what the thought of either the state or the defendant's attorney was with reference to them.
It is the business of this court to fix rules of law that
are definite, as near as may be, and in a criminal case
the rule should be that, when the state asks for an admission from the defendant, its request should be as
certain and accurate as the proof is required to be. If,
in the instant case, we are to construe this stipulation
and admission to mean the date charged in the indictment, then suppose that we had this: "It is agreed that
Samuel E. Rauh was the owner of the building and it
was of the value of $50,000." Then we should be asked
to infer that this means both the date alleged in the
indictment and the description of the building. Then
suppose the admission is as follows: "It is admitted
and agreed by the parties that the building was the
property of another and was of the value of $50,000."
Then we should be asked to infer the date, the name of
the owner and the description of the building, and this
would all be done on the same reasoning and by force
of the same authorities that the state is now invoking.
If we should do this, we would soon find ourselves adrift
without compass or rudder—nothing but sail. It is of
less consequence that the guilty should escape, or that
the state have the expense and trouble of retrial, than
that a rule should be laid down, the limits of which
would become hazy and indefinite. When the people
of the State of Indiana ask for an admission from a defendant in a criminal case, it seems to us that it is better to require them to know and state accurately what
it is that they want the defendant to admit.

Had the state, in the instant case, placed Samuel E.
Rauh on the witness stand and proven by him that he
was the owner of the building at 122 E. Ohio street and

that it was of the value of $50,000, and stopped at that, we think no one would seriously contend that this proof would be sufficient. We think the same rule should apply to the stipulation.

Petition for rehearing denied.

NOTE.—Reported in 123 N. E. 241. Arson: ownership of property as affecting crime, 1 Ann. Cas. 621, Ann. Cas. 1912A 1126; commission of, with intent to defraud insurer of property, Ann. Cas. 1913C 1164, 32 L. R. A. 648. See under (1) 5 C. J. 547, 550; (2) 5 C. J. 569; (3) 5 C. J. 574; (4, 5) 5 C. J. 552.