## BILL WILSON v. STATE.

No. A-4500.    Opinion Filed May 10, 1924.
(225 Pac. 566.)

(Syllabus.)

**Intoxicating Liquors—Attempt to Manufacture—Insufficient Information.** An information which merely alleges that the defendants "did knowingly and unlawfully attempt to manufacture certain spirituous and intoxicating liquors, to wit, whisky," without alleging any acts done, or mode and manner of the attempt, is not sufficient to support the charge of attempting to manufacture intoxicating liquors.

Appeal from County Court, Muskogee County; Enloe V. Vernor, Judge.

Bill Wilson was convicted of attempting to manufacture intoxicating liquors, and he appeals. Reversed.

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J. The information in this case charges:

"That Bill Wilson, James Coughron and Lewis Griffin did, in Muskogee county, and in the state of Oklahoma, on or about the 29th day of December, in the year of our Lord, one thousand nine hundred and twenty-one and anterior to the presentment hereof, commit the crime of unlawfully attempting to manufacture intoxicating liquor, in the manner and form as follows, to wit: That the said Bill Wilson, James Coughron and Lewis Griffin in the county of Muskogee, state of Oklahoma, on the 29th day of December, 1921, did knowingly and unlawfully attempt to manufacture certain spirituous and intoxicating liquors, to wit, whisky, with the intention then and there on the part of the said Bill Wilson, James Coughron and Lewis Griffin of selling, conveying, bartering, giving away and otherwise furnishing the same, contrary to," etc.

To this information one of the defendants, Lewis Griffin, entered his plea of guilty, and the defendants Bill Wilson and James Coughron were tried jointly upon said information. The jury returned their verdicts finding defendant James Coughron not guilty, and appellant Bill Wilson guilty and fixing his punishment at a fine of $25 and 15 days in jail. From the judgment rendered on the verdict he appeals.

Various assignments of error are alleged, but the sufficiency of the information to charge an offense under section 2297, Comp. Stats. 1921, is the only question necessary to be determined.

Counsel for appellant in their brief say:

"So far as this information is concerned, it might have as. well stopped with the preamble usual and necessary to all informations, the latter part is merely a reiteration thereof, and the allegations of the intention of attempting to manufacture with the intent to barter, sell, give away or otherwise furnish the same, are mere surplusages. There is no allegation, other than a scintilla of a conclusion, of any fact constituting the necessary ingredients of the crime of attempting to manufacture and the failure thereof or any other crime. The information should have gone further and have shown the facts constituting the attempt, and have alleged further the failure of such attempt"—citing Williams v. State, 10 Okla. Cr. 336, 136 Pac. 599; Bond v. State, 12 Okla. Cr. 160, 152 Pac. 809.

Our Penal Code provides:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows." Section 2297, Comp. Stats. 1921.

Bishop says (volume 1, § 728):

"An attempt is an intent to do a particular thing which the law has declared to be a crime, coupled with an act towards the doing."

While there is some little discord in the authorities, the rule we think is well established that in all classes of "attempted crimes," the facts and elements constituting that attempt must be set forth in the pleading. Bond v. State, supra.

To charge the offense of attempting to manufacture intoxicating liquors, the material facts necessary to be established must be alleged. The information merely alleges that

the defendant did knowingly and unlawfully attempt to manufacture whisky; the manner in which the attempt was made is not alleged, nor are the facts showing that they did make such attempt anywhere alleged in the information; and for this reason the information does not charge a public offense.

Because the information does not state facts sufficient to constitute the offense of an attempt to manufacture intoxicating liquors, the judgment herein is reversed.

MATSON, P. J., and BESSEY, J., concur.