## ROY FURRH et al. v. STATE.

No. A-4521.    Opinion Filed June 22, 1924.
(226 Pac. 1065.)

(Syllabus.)

1. Indictment and Information—Necessary to Allege Facts Constituting Offense, not Conclusions. An information must allege the facts constituting the offense. It is not sufficient to allege a mere conclusion.

2.      **Same—Particular Facts Necessary to Set Forth Statutory Offense with Requisite Certainty.** As a general rule, it is sufficient to charge a statutory offense in the words of the statute, but, when a more particular statement of the facts is necessary to set forth with requisite certainty, they must be alleged.

3.      **Intoxicating Liquors—Information not Alleging Kind or Method of Manufacture, Demurrable.** An information which merely charges that the defendants did "commit the crime of manufacturing intoxicating liquor," but fails either to allege the kind of intoxicating liquor, or else the mode of manufacture, is not sufficiently definite and certain, and the demurrer thereto should have been sustained.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Roy Furrh and another were convicted of a violation of the prohibitory liquor law, and they appeal. Reversed.

H. A. Stanley, for plaintiffs in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were tried and convicted and each sentenced to be confined in jail for 90 days and pay a fine of $50 on an information charging that Roy Furrh and R. L. Linderman did in Carter county, the 2d day of August, 1922—

"commit the crime of manufacturing in manner and form as follows, to wit: That they the said Roy Furrh and R. L. Linderman did in the county and state aforesaid, and on the date aforesaid, commit the crime of manufacturing intoxicating liquor with the unlawful intention of bartering, selling, giving away or otherwise disposing of the same, contrary to," etc.

The defendants interposed a demurrer to the information on the ground that the facts stated do not constitute a public offense. The demurrer was overruled and exception taken.

As a general rule it is sufficient to charge a statutory offense in the words of the statute, and every fact mentioned in the statute as constituting the offense must be alleged in the information. The general rule is subject to the qualification that, when a more particular statement of facts is necessary to set it forth with requisite certainty, they must be alleged.

The prohibition ordinance prohibits the manufacture of "intoxicating liquor of any kind, including beer, ale and wine."

The statute (section 7002, Comp. Stats. 1921) provides:

"It shall be unlawful for any person, individual or corporate, to manufacture * * * any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor."

The information here does not even follow the words of the statute; it states a mere legal conclusion. It does not allege that the intoxicating liquor alleged to have been manufactured by the defendants was spirituous, vinous, fermented, malt, or any other kind of intoxicating liquor. It merely charges that said defendants did commit the crime of manufacturing, in manner and form as follows: That they the said defendants did "commit the crime of manufacturing intoxicating liquor." And there is no allegation that the offense named was committed jointly.

The Constitution requires that the accused shall be informed of the nature and cause of the accusation against him. To charge the offense named, with sufficient certainty and definiteness, the nature or kind of intoxicating liquor either should be named or else the mode or manner of manufacture should be alleged. For the reasons stated we are of the opinion that the demurrer to the information should have

been sustained. The judgment of the lower court is therefore reversed and the case remanded with direction to sustain the demurrer.

MATSON, P. J., and BESSEY, J., concur.