## FRANK W. SAUCERMAN v. STATE.

No. A-4698.  Opinion Filed July 25, 1925.
(238 Pac. 228.)

C. D. Wilkinson, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error was tried and convicted, and, in accordance with the verdict of the jury, was

sentenced to pay a fine of $500 and to be confined in the county jail for 6 months, on an information charging that in McCurtain county, December 18, 1922, Frank Saucerman "did then and there unlawfully, willfully, and maliciously commit the crime of unlawful manufacture of whisky, with the unlawful and willful intent to violate the prohibitory laws of the state of Oklahoma, contrary to," etc.

The errors relied upon for a reversal are that the information is insufficient to charge an offense, and that the verdict is not sustained by sufficient evidence.

It appears that defendant is a farmer, owning and living on a farm on the state line near Cerrogordo.

J. R. Jones, sheriff, testified:

"We went to his place to search the premises for whisky; I went in the house and searched and Mrs. Saucerman picked up a jar and poured the whisky out. I found an empty keg that had had whisky in it; in the cellar we found two barrels about half full of beer, in the potato house we found a tank, on the branch we found two sets where there had been two stills; we found lots of engine grates and iron, and we found a 50-gallon gasoline tank in the branch half way between the house and the still set. We found a barrel in the creek and it had about a half bushel of mash in it."

S. R. Bryant, deputy sheriff, testified in substance to the same facts as did Sheriff Jones.

The testimony of the defendant in his own behalf is as follows:

"I had been over to Cerrogordo, and about half a mile from my house, I met the officers; they arrested me. The tank the sheriff speaks about finding I had found in the woods over a year ago; I carried it home and used it to scald hogs. It had been but a few days since I used it. One of the barrels in the cellar contained about a peck of sour chops, and the other barrel about a half bushel, that

I used to feed my hogs; there was an old sawmill on the branch, and last summer I burned the sawdust and old slabs. There was a lot of old junk where the sawmill was, and the old gasoline tank was there; the well was dry and we had to go to the spring 150 yards northwest of the house for water; the barrel there I used for my hogs; I had to sled water from the spring to the house; my wife owned the farm; I never did manufacture whisky."

Walter Saucerman testified that the tank in the yard was used to scald hogs; that the other things were the remains of an old sawmill on the branch beyond the spring; that nobody ever made whisky around there.

As a general rule, it is sufficient to charge a statutory offense in the words of the statute, and every fact mentioned in the statute as constituting the offense must be alleged, in the information. This general rule is subject to the qualification that, when a more particular statement of the facts is necessary to set it forth with requisite certainty, they must be alleged. The information here does not even follow the words of the statute; it states a mere legal conclusion. It merely charges that the defendant "did commit the crime of unlawful manufacture of whiskey." The Constitution requires that an accused shall be informed of the nature and cause of the accusation against him. To charge the offense named with sufficient certainty and definiteness, the mode or manner of manufacture should be alleged. Furrh v. State, 27 Okla. Cr. 283, 226 P. 1065.

A careful examination and consideration of the record impels the conclusion that the verdict is not sustained by sufficient evidence. It would seem that the testimony of the witnesses for the state was largely the result of imagination rather than memory.

For the reasons stated, the judgment appealed from

is reversed, and the cause remanded for further proceedings consistent with this opinion.

BESSEY, P. J., and EDWARDS, J., concur.