## R. L. ROGERS v. STATE.

No. A-5277. Opinion Filed March 1, 1926.
Rehearing Denied March 27, 1926.
(244 Pac. 461.)

Sigler & Jackson, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. Plaintiff in error, R. L. Rogers, here designated the defendant, was convicted of a cumulative or second offense against the prohibitory liquor laws of this state—in this instance manufacturing whisky—with his punishment fixed at confinement in the penitentiary for a term of one year, and to pay a fine of $500.

The charging part of the information reads as follows:

"R. L. Rogers * * * did commit the crime of felonious manufacture of intoxicating liquor, in the manner and form as follows, to wit: He, the said R. L. Rogers, on or about January 11, 1919, was duly charged by information in the county court of Carter county, Okla., with the unlawful possession of intoxicating liquors, with the intent to sell, barter, give away, and otherwise furnish the same to others, and that on the 9th day of April, 1919, in open court, the said R. L. Rogers duly entered his plea of not guilty, whereupon a jury was legally impaneled to try said cause, and upon trial thereof the jury so impaneled rendered their verdict of guilty, and judgment and sentence was entered, from which verdict, judgment, and sentence the said R. L. Rogers duly perfected his appeal to the Criminal Court of Appeals of the State of Oklahoma, and that said Criminal Court of Appeals duly affirmed the sentence and judgment below.

"That thereafter, to wit, on the 9th day of December, 1922, the said R. L. Rogers did then and there willfully, unlawfully, and feloniously engage in the manufacture of intoxicating liquor, to wit, whisky, with the willful, unlawful, and felonious intent then and there to give, sell, barter, and otherwise furnish the same to others, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

In this information the former offense was sufficiently stated to apprise the accused of the nature of the charge, and that it was for a second offense of the same character. It was also stated that the prior conviction had been affirmed by the adjudication of the appellate court.

This information does not come within the rule announced in Tucker v. State, 14 Okla. Cr. 54, 167 P. 637; nor the case of Wilson v. State, 27 Okla. Cr. 153, 225 P. 566; nor Furrh v. State, 27 Okla. Cr. 283, 226 P. 1065. In the Tucker Case the character of the first offense was not sufficiently stated. In the other two cases the pleader stated conclusions only. Neither of these vices is apparent in the information quoted. This in-

formation sufficiently charged a second offense, under the provisions of section 6991, Comp. Stat. 1921, which reads as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act [Prohibition Act], the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary, and it shall be mandatory upon the trial judge in cases where any one has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

The defendant next claims that the proof is insufficient to support the charge because there was no direct proof of a formal judgment of the trial court on the verdict finding the defendant guilty of the first offense.

Where the first conviction has been affirmed in this court on appeal, we hold that proof in detail of all the steps leading up to and including the judgment of conviction in the trial court is not necessary. An affirmance here is of itself a final judgment, under the provisions of section 2824, Comp. Stat. 1921, which reads as follows:

"On a judgment of affirmance against the defendant, the original judgment must be carried into execution, as the appellate court may direct."

To make proof of a former judgment in the trial court it was held, in the case of Browder v. State, 15 Okla. Cr. 287, 176 P. 96, that the record of a criminal prosecution is governed by section 2777, Comp. Stat. 1921, and inferentially held that the showing of a former conviction should be supported by proof of the indictment or information, a copy of the minutes, showing the plea or demurrer, the verdict of the jury, if any,

and the final judgment on the verdict or plea. In this case sufficient proof is made that the final judgment on the former conviction was rendered in this court.

In this case proof of the original information in the former trial was made by its introduction in evidence. Proof of the verdict was made in like manner. From the clerk's minutes it was shown that an appeal to the Criminal Court of Appeals had been taken by the defendant from the judgment and sentence in the former conviction, and the opinion and judgment of the Criminal Court of Appeals was then introduced, showing that the judgment of conviction in this former trial was affirmed, together with the mandate of the appellate court ordering the execution of the judgment below.

The proof sufficiently shows that this court had jurisdiction of the prior conviction on appeal, and we hold that the judgment of affirmance of the prior conviction makes this last conviction—the one here at issue—a "subsequent conviction," within the meaning of section 6991, supra.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.