## FRED B. VAUGHN et al. v. STATE.

No. A-6767.  Opinion Filed April 20, 1929.
(276 Pac. 701.)

Frank P. Smith, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, herein-

after referred to as the defendants, were convicted in the district court of Creek county on a charge of manslaughter in the second degree, and their punishment fixed at two years each in the penitentiary. Motion for new trial was filed, overruled, exceptions saved, and the defendants have appealed to this court.

Omitting the caption, signatures, and affidavit of the information filed against the defendants, the information is as follows:

"In the name and by the authority of the state of Oklahoma, now comes W. F. Pardoe, the duly qualified and acting county attorney, in and for Creek county, state of Oklahoma, and upon his oath of office gives the district court of Creek county, state of Oklahoma, to know and to be informed that Fred B. Vlaughn and Bill McFarland did, in Creek county, and state of Oklahoma, on or about the 7th day of October, in the year of our Lord one thousand nine hundred and twenty-six, and anterior to the presentment hereof, commit the crime of manslaughter in the second degree, in the manner and form as follows, to wit: That said defendants, then and there being and acting together, did then and there willfully, unlawfully, and feloniously drive a certain Ford touring car automobile against, onto and over the body of one Irene Romine; said driving of said automobile upon the part of said defendants being then and there done with utter disregard for the safety of the said Irene Romine and wholly indifferent to the health, safety and life of her, the said Irene Romine, thereby inflicting upon the said body of her, the said Irene Romine, certain mortal wounds, from which said wounds the said Irene Romine did then and there, languishing, die; that the said driving of said automobile into, upon and over the said Irene Romine, being an act of culpable negligence on the part of them, the said defendants, in such manner the said defendants did slay and kill her, the said Irene Romine—contrary to the form of statutes in such cases made and provided, and against the peace and dignity of the state."

When the case was called for trial, the defendants

filed a motion to strike the information on the ground of its failure to charge any facts constituting the offense sought to be charged, or any other offense against the laws of the state of Oklahoma; and, second, they filed a demurrer to the information on the ground that it wholly failed to state facts sufficient to constitute a cause of action on behalf of the state against the defendants, or either of them. The motion to strike the information and demurrer to the information was overruled, and defendants duly excepted. The trial proceeded and resulted in the conviction of the defendants.

It is urged by the defendants that their motion to strike and their demurrer to the information on the ground of it failing to state an offense under the statute should have been sustained, and the state required to file an information sufficiently defining the offense sought to be charged against them. Section 1745, C. O. S. 1921, defines manslaughter in the second degree as follows:

"Any killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder, nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

The question urged by the defendants, as set forth in their motion to strike and their demurrer to the information, is: Does the information in this case charge an offense against the defendants of manslaughter in the second degree?

This court in Saucerman v. State, 31 Okla. Cr. 272, 238 P. 228, in the first paragraph of the syllabus, said:

"An information must allege the facts constituting the offense; it is not sufficient to allege a mere conclusion."

Defendants insist that the information does not state facts sufficient to properly charge an offense of manslaughter in the second degree, in that it fails to allege any specific acts on the part of the defendants, or either of them, showing culpable negligence. This court in Clark v. State, 27 Okla. Cr. 11, 224 P. 738, defines culpable negligence:

"Is the omission to do something which a reasonable, prudent, and honest man would do, or the doing of something which such a man would not do, under the circumstances surrounding the particular case."

Defendants urge that there is no statement in the information to show wherein they were culpably negligent, or where they failed to do something which they should have done under the circumstances surrounding the parties at the time of the accident.

In Isaah v. State, 24 Okla. Cr. 174, 216 P. 950, this court, in the first paragraph of the syllabus, said:

"The information must contain a statement of the acts constituting the offense, and it is not sufficient to charge the offense in the words of the statute, when the particular circumstances of the offense charged are necessary to constitute a complete offense."

The court, in the opinion said: "While, as a general rule, it is sufficient to charge a statutory offense in the language of the statute, there are exceptions to the rule. Bishop says: 'The criminal nature and degree of the offense must "appear in the allegation," also the particular facts and circumstances which render the defendant guilty of that offense,' "—citing a line of authorities.

In Cole v. State, 15 Okla. Cr. 361, 177 P. 129, this court, in the second paragraph of the syllabus, said:

"An information for a violation of section 2204, Rev. Laws 1910, which charges that the defendant did

willfully, unlawfully, feloniously, and knowingly feed, lodge, equip, harbor, assist, and conceal named fugitives from justice guilty of a felony, describing said felony, but which fails to aver the acts done by the defendant in equipping, aiding, and concealing said guilty parties, does not meet the requirements of the Code of Criminal Procedure of this state, as such information does not so specifically inform the defendant of the acts constituting the offense charged, and a demurrer thereto should have been sustained."

In People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902, the court, in discussing the sufficiency of the information, said:

"In case of manslaughter committed through gross or culpable negligence while doing a lawful act the duty which was neglected or improperly performed must be charged as well as the acts of the accused constituting failure to perform or improper performance."

In State v. Gesas, 49 Utah, 181, 162 P. 366, in the second paragraph of the syllabus, the court said:

"An information charging accused with having operated a motor vehicle upon a public street at a greater speed than was safe, having due regard for the width, character, and common use of the street, and operating the vehicle so as to endanger life, limb, and property, and without having it under immediate control, and driving it past and in close proximity to a street car while the same was standing still for the purpose of letting off passengers, and, while operating the vehicle in such unlawful manner and without due caution and circumspection, striking the deceased, is insufficient to charge involuntary manslaughter under Comp. Laws 1907, § 4163, defining the offense, since it charges no specific ultimate fact."

The demurrer was well taken, and the court should have sustained the same. As the errors pointed out necessitate reversal of the judgment rendered, we deem it unnecessary to consider other errors assigned.

The judgment rendered in this case is reversed and remanded, with directions to sustain the demurrer to the information, and to permit an amended information to be filed.

EDWARDS, P. J., and CHAPPELL, J., concur.