## LLOYD O. TEMPLE v. STATE.

No. A-9849.   March 12, 1941.
(111 P. 2d 524.)

Dennis Wright, of Harrah, for defendant.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, of Oklahoma County, for the State.

BAREFOOT, P. J. Defendant, Lloyd O. Temple, was charged in the district court of Oklahoma county with the crime of "attempted rape in the first degree," was tried, convicted, and by the jury found guilty and his punishment assessed by the court at 25 years in the penitentiary, and he has appealed.

In the indictment filed in this case it was charged:

" * * * did then and there willfully, unlawfully and feloniously commit the crime of attempted rape in the first degree in the manner and form as follows, to wit: * * * did then and there willfully, unlawfully, wrongfully and feloniously by means of force overcoming the resistance and by means of threats of immediate injury and to kill accompanied by apparent power of execution, and preventing resistance by then and there striking, beating, bruising and maltreating one Mary Hawkins with a certain blunt instrument, a more full and complete description of which is to your informant unknown, then and there had and held in the hands of him the said defendant, Lloyd O. Temple, then and there attempt to have and hold unlawful sexual intercourse with the said Mary Hawkins, a female person over the age of eighteen years and not the wife of the said Lloyd O. Temple, the said Lloyd O. Temple being a male person over the age of eighteen years, but the said defendant was prevented from the completion of said act by the resistance of the said Mary Hawkins. * * *"

The defendant filed general and special demurrers to the sufficiency of the indictment, which were overruled by the court and exceptions reserved. These demurrers raised the sufficiency of the indictment charging the crime by reason of the fact that there was not alleged an "intent" on the part of the defendant to commit the crime charged, and that under the statute upon which this charge was based this was a necessary allegation.

Oklahoma Statutes 1931, section 2515, Oklahoma Statutes Annotated, Title 21, § 111, defines rape as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: * * *

"4th. Where she resists but her resistance is overcome by force and violence.

"5th. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution. * * *"

Oklahoma Statutes 1931, section 2518, Oklahoma Statutes Annotated, Title 21, § 1114, defines rape in the first degree. Oklahoma Statutes 1931, section 2519, Oklahoma Statutes Annotated, Title 21, § 1115, defines the punishment for rape in the first degree as follows:

"Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than fifteen years, in the discretion of the jury, or in case the jury fail or refuse to fix the punishment then the same shall be pronounced by the court."

Oklahoma Statutes 1931, section 1822, Oklahoma Statutes Annotated, Title 21, § 42, provides:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. * * *"

It is provided by Oklahoma Statutes 1931, section 1869, Oklahoma Statutes Annotated, Title 21, § 681, as follows:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this Code, is punishable by imprisonment in the State Penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

The indictment in the instant case was brought under Oklahoma Statutes 1931, section 1822, Oklahoma Statutes Annotated, Title 21, § 42, and not under Oklahoma Statutes 1931, section 1869, Oklahoma Statutes Annotated, Title 21, § 681. It will be noted that the punishment that may be inflicted under the former statute is much greater than the punishment under the latter statute. This probably accounts for the prosecution of defendant under the former statute. After a careful examination of the facts in the instant case, we are of the opinion that the better procedure would have been to charge this defendant under Oklahoma Statutes 1931, section 1869, Oklahoma Statutes Annotated, Title 21, § 681. Having charged defendant under Oklahoma Statutes 1931, section 1822, Oklahoma Statutes Annotated, Title 21, § 42, it is necessary that the indictment in this case should have every ingredient necessary under the general rape statute above cited. Under this statute it has been the holding of this court that it is necessary to allege in the indictment or information the "intent" of the person charged to commit the crime, and also necessary to prove the same. It will be noted from the indictment in the case at bar there is no allegation of "intent" on the part of the accused. It is alleged that he did "willfully, unlawfully and feloniously commit the crime

of attempted rape in the first degree." There is then set out the manner of force used by the defendant, and the indictment states that he did "then and there attempt to have and hold unlawful sexual intercourse with the said Mary Hawkins." Unless it is held that the word "attempt" meant "intent," there is nowhere alleged an intention on the part of the defendant to have intercourse with the prosecutrix. The authorities are in conflict upon this proposition, but the early decisions of this court hold that it is necessary to allege an "intent" in the indictment or information.

This court had under consideration the construction of this identical statute in several different cases. In the case of Herrick v. Territory, 2 Okla. Cr. 74, 99 P. 1096, the court says:

"An indictment for an attempt to rape must allege that the attempt was made with intent to rape."

The indictment in this case was very similar to the case at bar, and alleged,

"* * * did then and there unlawfully, willfully, and feloniously attempt to accomplish the act of sexual intercourse", etc. The Attorney General, on behalf of the state, filed a confession of error, stating: "Comes now the Attorney General, and informs the court that he is of opinion that the indictment herein is fatally defective, in that it fails to allege that the overt acts charged against the accused, laid as an attempted rape, were by him committed, with the intent to commit the crime of rape."

The court says:

"It is the opinion of the court that the indictment is fatally defective in failing to charge that the alleged attempt was made with intent to commit rape. It is true that this intent may be inferred from the facts stated in the indictment; but the strictest rule of pleading is required in indictments. They must be certain to a certain

intent in every particular. Nothing must be left to intendment, inference, or argument. Every element of the offense must be charged in clear, direct, and affirmative language, and every presumption of innocence must be negatived in the same manner."

In the case of Williams v. State, 10 Okla. Cr. 336, 136 P. 599, the defendant was convicted of attempted rape and the punishment was assessed by the court at 25 years in the penitentiary. The information used the word "attempt," but did not allege an "intent" on the part of the accused. The information alleged "* * * intentionally, unlawfully, willfully, and feloniously make an assault * * * with an intent * * * to rape," etc. The court says in the first syllabus:

"To constitute a good charge of attempt to commit the crime of rape under section 2803, Rev. Laws 1910, Oklahoma Statutes 1931, section 1822, Oklahoma Statutes Annotated, Title 21, section 42, some act done towards the commission of the crime and the failure must be alleged, and it is also necessary to allege an intent to feloniously have sexual intercourse by committing a rape as defined by section 2414, Rev. Laws 1910, 21 Okla. St. Ann. § 1111."

There was no demurrer or motion in arrest of judgment filed in this case. The court held that the information was sufficient to charge assault with intent to commit rape, and reduced the punishment from 25 years to five years. This was in accord with the confession of error made by the Attorney General.

In the case of Bond v. State, 12 Okla. Cr. 160, 152 P. 809, this court again said in the syllabus, as follows:

"To constitute a good charge of attempt to commit the crime of rape under section 2803, Rev. Laws 1910, some act done towards the commission of the crime and the failure must be alleged, and it is also necessary to allege an intent to feloniously have sexual intercourse by committing a rape as defined by section 2414, Rev. Laws 1910."

In the case at bar the indictment sets out the act done towards the commission of the crime, and the actual force used, but of course does not allege an "intent" on the part of the defendant.

We have carefully read the record in this case. It is unnecessary to quote it in detail here. The evidence is revolting in its nature, and if the testimony of the prosecutrix is true, reveals that the defendant is a moral pervert. After the prosecutrix had been on the witness stand for some time and had testified before the jury, the trial court dismissed the jury and examined her out of the presence of the jury. This examination covered ten pages of the record, in which she was questioned fully as to the facts and circumstances surrounding the attack upon her. Before examining her, the court made this statement:

"Now, gentlemen, I have read these letters that have been identified here but haven't been offered or introduced in evidence yet. I have listened to this witness testify what she has testified to before the jury. I am not quite satisfied with her testimony, I mean in this respect: I permitted the assistant county attorney to lead her some while ago because, as a court, I don't feel or didn't feel like we were getting the whole story here, and now we are going to get it and it makes no difference how filthy it is and it doesn't make any difference who has talked to you and who hasn't talked to you, who may and who may not have threatened you, what knowledge you might have had of what is in these letters or anything else. We are going to get this story if you know it, and let's not hesitate on giving it."

After examination by the court, she was again placed upon the witness stand in the presence of the jury and once more detailed her story before the jury. She testified to some facts that she had not testified to before, and stated that the defendant had asked her to have intercourse with him. She had not testified to this fact prior to this

time. Her testimony had been mostly conclusions, and we presume this was the reason for the court examining her out of the presence of the jury.

As before stated, the court did not instruct the jury upon the question of "assault with intent to commit rape," as provided in Oklahoma Statutes 1931, section 1869, Oklahoma Statutes Annotated, Title 21, § 681, but only instructed upon "attempt to rape" under Oklahoma Statutes 1931, section 1822, Oklahoma Statutes Annotated, Title 21, § 42. There is no question but that the former statute is an included statute. It has been so held by this court. Pittman v. State, 8 Okla. Cr. 58, 126 P. 696; Plaster v. State, 45 Okla. Cr. 452, 283 P. 805; Kitchen v. State, 66 Okla. Cr. 423, 92 P. 2d 860. Under the former statute, the maximum punishment is five years. Under the latter statute, any number of years may be given. The jury failed to assess the punishment in this case, and the court, under the former statute, sentenced the defendant to 25 years in the penitentiary, which he stated at the time of the sentence he considered as half of a life sentence. After a careful consideration of this record, we are of the opinion that the court should have instructed the jury under the "assault with intent to commit rape" statute as an included offense and given the jury an opportunity to pass upon the guilt of the defendant under that statute. We recognize the rule that it is not necessary for the court to instruct the jury upon an included offense where the evidence in the case does not justify the giving of the instruction. But in the instant case, the evidence of the prosecuting witness was that defendant made an assault upon her. The jury should have been permitted to pass upon this question under the included statute above cited. Dubois v. State, 22 Okla. Cr. 308, 210 P. 1043; Atchison v. State, 3 Okla. Cr. 295, 105 P. 387; Kent v. State, 8 Okla. Cr. 188, 126

P. 1040; James v. State, 14 Okla. Cr. 204, 169 P. 1127; State v. Ferguson, 74 Utah, 263, 279 P. 55.

For the reasons above stated, the judgment of the district court of Oklahoma county is reversed and remanded, and the warden of the Penitentiary at McAlester is directed to deliver the defendant to the sheriff of Oklahoma county to be by him held until discharged by proper order of the district court of Oklahoma county.

JONES and DOYLE, JJ., concur.