**Nathaniel Ray PIERCE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–87–376.**

Court of Criminal Appeals of Oklahoma.

Dec. 15, 1988.

Elaine Meek, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Nathaniel Ray Pierce, appellant, was tried by jury for Kidnapping (21 O.S.1981, § 741) (Count I), and Attempted First Degree Rape (21 O.S.1981, §§ 42, 1115; 21 O.S.Supp.1983, §§ 1111, 1114) (Count II), in Tulsa County District Court, Case No. CRF-86-1934, before the Honorable Don-ald C. Lane, District Judge. The jury acquitted appellant on Count I, and convicted him on Count II, setting punishment at twenty (20) years imprisonment. Judgment and sentence was imposed accordingly. We reverse and remand for a new trial.

### I.

A complete statement of facts is unnecessary as we find merit in appellant's third assignment of error wherein he asserts the trial court committed fundamental reversible error in failing to instruct the jury on the essential element of specific intent to commit rape.

The failure of the trial court to instruct on an essential element of the offense charged is fundamental reversible error, as it constitutes a substantial violation of an accused's constitutional and statutory rights. *Atterberry v. State*, 731 P.2d 420, 422 (Okla.Crim.App.1986). *Cf.* 20 O.S.1981, § 3001.1. The trial judge, whether requested or not, has an obligation to instruct the jury on the essential elements of the offense charged. *Atterberry*, 731 P.2d at 422. *See Maple v. State*, 662 P.2d 315, 317 (Okla.Crim.App.1983). The essential elements of attempted first degree rape are: (1) an intent to commit first degree rape; (2) an overt, perpetrating act toward commission of first degree rape; and (3) prevention or failure to consummate. *See* 21 O.S.Supp.1983, §§ 1111(3), 1114(3); 21 O.S.1981, § 42; *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) 210 (1981); *James v. State*, 711 P.2d 111, 113 (Okla.Crim.App.1985).

The trial judge misinstructed the jury by substituting the word "attempt" where the word "intent" should have been: "No person may be convicted of an attempt to commit the crime of rape unless the State has proved beyond a reasonable doubt each element of the attempt. These elements are: *First*, the defendant formed the specific *attempt* to commit the crime of rape...." (O.R. 26, Instruction No. 13) (emphasis added). While the use of the word "attempt" rather than "intent" may have been inadvertent, the two words sim-

ply do not convey equivalent meanings. *See Temple v. State,* 71 Okla.Crim. 301, 111 P.2d 524, 526 (1941) (information insufficient to charge attempted rape because court refused to find that "attempt" means "intent"). Misinstruction on a matter of law constitutes grounds for a new trial. 22 O.S.1981, § 952. Based on the foregoing, appellant's conviction must be reversed and remanded for a new trial.

## II.

Finally, we will address appellant's contention that the evidence was insufficient to support a conviction for attempted first degree rape, since such claim, if successful, would require a dismissal. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Doyle v. State,* 759 P.2d 223, 225 (Okla.Crim.App. 1988). The State's case against appellant consisted of both direct and circumstantial evidence. Therefore, the appellate standard of review is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Riley v. State,* 760 P.2d 198, 199 (Okla. Crim.App.1983).

▮ The prosecutrix, R.L.W., testified that on May 30, 1986, appellant forced her in his car, drove to a location near Oak Cliff Drive and Cinncinatti, in Tulsa, Oklahoma, parked the car, forced her down onto the front seat, straddled her, lifted up her dress, removed her panties, and tried to get his sweat pants down. About that time, Jerry Quinton, an investigator with the Tulsa County District Attorney's Office, drove up and observed the scuffle between R.L. W. and appellant. R.L.W. told Quinton appellant had tried to rape her. Appellant testified R.L.W. accepted his offer for a ride, and said she wanted to go somewhere to talk. Appellant denied attempting to rape her. We find the foregoing evidence was sufficient to enable a rational trier of fact to find the essential elements of the crime charged beyond a reasonable doubt. Accordingly, appellant is not entitled to a dismissal.

As personally repugnant as it is to this Court to subject R.L.W. to the trauma of a second trial, we are compelled to do so for the reasons given in Part I. Based on the foregoing, the judgment and sentence is REVERSED and REMANDED for a NEW TRIAL consistent with the views expressed herein.

BUSSEY, J., concurs.

BRETT, P.J., dissents.