The State v. Drake.

THE STATE OF KANSAS v. WILLIAM DRAKE.

33  151
56  68

1. JUROR—*Overruling Challenge, Not Error.* On the trial of the appellant for a misdemeanor, where the court erred in overruling a challenge by him for cause to a person sworn on his *voire dire* as a juror, but the court excused such challenged juror before any other juror was examined, and before any juror was challenged peremptorily by the defendant, *held,* that the overruling of the challenge to the juror did not affect the substantial rights of the defendant, and is no ground for the reversal of the judgment of the trial court.

2. WITNESS—*Variant Names.* An information charged the defendant with the violation of the prohibitory law in selling intoxicating liquors without a permit. The name of William Porter was indorsed on the information as a witness for the state, and the name of no other Porter appeared thereon. Upon the trial, one W. R. Porter was sworn as a witness, and without objection by the defendant testified to sales of intoxicating liquors made by the latter to him, but did not in his examination state his christian name. No other Porter testified as a witness. The county attorney elected to rely on the sales made to William Porter for conviction. *Held,* That under these circumstances, as all the parties and the jury understood that William Porter was the W. R. Porter who had testified, therefore their verdict to the effect that the defendant was guilty of making sales to William Porter will not be set aside upon the ground that there was no evidence showing such sales.

3. DRUGGISTS' PERMIT—*Instruction, Not Misleading.* Where the defendant was charged with selling intoxicating. liquors without a permit, and it appeared upon the trial that said defendant had made sales of intoxicating liquors to parties by the glass and without any permit, an instruction that "each and every sale of intoxicating liquor made without a druggists' permit therefor from the probate judge of the county wherein such sale is made, is unlawful," is not misleading or improper.

## *Appeal from Osage District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The defendant *Drake* appeals from a judgment against him at the October Term, 1883. The opinion states the material facts.

*Ellis Lewis,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: An information was filed charging the defendant with the violation of the prohibitory law. This information contained five counts, charging as many distinct offenses. The jury returned a verdict finding the defendant guilty upon the third, fourth and fifth counts, and not guilty upon the first and second counts. · The defendant was sentenced to pay a fine of $150 for the offense charged in the third count, $200 for the offense charged in the fourth count, and $250 for the offense charged in the fifth count. He was also adjudged to pay all the costs, and was committed to jail until the fine and costs were paid.

The first objection presented to the ruling of the district court is, that H. T. Chittenden, on his examination as to his competency, disclosed such a condition of his position, sympathy, and bias, as rendered him incompetent to sit as a juror. It appears from the record that Chittenden, after his preliminary examination to ascertain whether he was competent as a juror, was challenged for cause by the defendant, and that the challenge was overruled by the court; but soon after, and

before any other jurors were examined and before any juror was challenged peremptorily by the defendant, the court excused Chittenden, and he did not sit as a juror. After Chittenden was excused, the defendant challenged peremptorily five other jurors — Morgan, Kibbe, Tabor, Gates, and Wood. Therefore the overruling of the challenge of Chittenden for cause did not prejudice the defendant, and if any error was committed by the court, it was not injurious to the defendant. Section 293 of the criminal code provides:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

After the state had introduced all of its evidence, and before the defendant was put on his defense, the county attorney, in behalf of the state, elected to rely on sales made to William Porter for convictions under the fourth and fifth counts of the information. It is now claimed that there was no proof of any sale made to William Porter. The record shows that W. R. Porter was sworn as a witness, and testified to sales made by the defendant to him, but did not upon his examination state his christian name. It is a general rule, however, that the names of the witnesses, when known, are required to be indorsed on the information. Among the names so indorsed was that of William Porter. W. R. Porter was called, and testified that he had bought beer and whisky of the defendant. No other Porter testified as a witness. If W. R. Porter had not been William Porter, doubtless objection would have been taken to his being sworn as a witness. Again, if W. R. Porter was not William Porter, his name should have been indorsed on the information at the time he was called to testify, by leave of the court, as other witnesses' names were. In electing to rely for conviction on the sales testified to, the county attorney evidently referred to W. R. Porter as William Porter, and we think it was fully understood by all the parties and the jury, that W. R. Porter was the identical William Porter whose name appeared upon the information. It cannot be urged seriously that the defendant had no knowledge that he

would be required to prepare his defense for sales made to William Porter, or that he was surprised in being required to answer for sales of intoxicating liquors to said person. The information notified him that William Porter was a witness against him, and before he introduced any evidence, the state, through the county attorney, gave him the further information that convictions were sought for under the fourth and fifth counts of the information on account of sales made to William Porter.

It is alleged, as a third objection, that the evidence proved that the defendant had a place of business in two different buildings within a period of a month or so — one building being a story and a half high, on lot 58 on Brownie avenue, in Scranton, and the other a building of one story, upon another lot; that the sales charged in the information were alleged to have been made in the building on lot 58; that the evidence showed that the sales to W. R. Porter or William Porter were not made on lot 58, the one described in the information, but in the building in another place, and therefore that the jury erred in finding the defendant guilty upon the fourth and fifth counts. We have read all of the record, and carefully examined the witnesses' testimony referred to by counsel to sustain the foregoing statements, but we differ with counsel as to what the evidence establishes. John W. Lord, a witness produced on the part of the state, testified that he resided in Scranton, Osage county, and knew the defendant; and knew where his place of business was. He testified that he did business in a story-and-a-half frame building, located on lot 58 on Brownie avenue, in West Scranton, in the city of Scranton, Osage county, and state of Kansas. No witness contradicted the location of the building in which the defendant did business, but one testified that the building was one story only. The jury were the judges of the credibility of the witnesses and the weight of their testimony, and we think there was ample evidence to show that the sales were made at the place charged in the information.

It is further objected that the court erred in instructing the

jury that "each and every sale of intoxicating liquor made without a druggists' permit therefor from the probate judge of the county wherein such sale is made, is unlawful." Under the allegations in the information upon which the defendant was tried, this instruction was proper. The offenses alleged were for unlawfully selling intoxicating liquors without first having procured a permit therefor, as required by law. The instruction declared the law as applicable to the facts presented to the jury.

Finally, it is contended that the evidence tending to show that the defendant had no permit, was insufficient. It appears that Alexander Blake testified on the part of the state that he was probate judge of Osage county; that he had occupied that position for over two years and a half prior to the trial; that he had in his custody the records pertaining to druggists' permits; that he had never issued any druggists' permit to the defendant; that the defendant had never made an application for one, and that he was positive that there had never been issued to the defendant a permit from his office. This at least made out a *prima facie* case that the defendant had no permit to sell intoxicating liquors. (*The State v. Schweiter*, 27 Kas. 499.) The evidence in the case did not tend to show that the defendant was a manufacturer of intoxicating liquors, or that he sold such liquors in original packages. It did not appear anywhere that any of the witnesses to whom intoxicating liquors were sold by the defendant were druggists, or that they were purchased for scientific or mechanical purposes.

The judgment of the district court will be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J., not sitting in the case.