**RUNYAN et al. v. HERROD et al.**

No. 7116—Opinion Filed Jan. 2, 1917.

(162 Pac. 196.)

1. **Appeal and Error—Quieting Title—Re-view—Reversal.**

In an action to quiet title brought by one in possession, where title to the property is decreed in the defendants, the . . . authority to permit an amendment by . . . tiff to its prayer asking for personal judg

ment against the defendant for the unpaid purchase price of the land, and where the pleadings and the proof would authorize such amendment this court, upon appeal, will con-sider the amendment as made and not re-verse the case for failure of the record to show such amendment.

2. **Quieting Title—Relief.**

In an action to quiet title by a party in possession, where a judgment is rendered in favor of the defendant vesting title in him, and the pleading and the proof show a writ-ten obligation on the part of the defendant to pay the balance of the purchase price upon the title being quieted, the judgment of the court should settle all rights of the parties, and not leave the lienholder to a separate action to enforce his rights under the writ-ten obligation.

3. **Courts—Records—Nunc Pro Tunc En-tries.**

On proper motion and notice a court may, by nunc pro tunc order, cause its records to speak the truth and be amended so as to record any part of the proceedings had in the cause which, by inadvertence or mistake, the clerk has omitted to record.

(Syllabus by Freeman, C.)

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by Tony Herrod and another against Charles F. Runyan and another. There was a judgment for plaintiffs, and de fendants bring error. Affirmed.

Charles F. Runyan and S. V. O'Hare, for plaintiffs in error.

Opinion by FREEMAN, C. This action was originally commenced in the superior court of Muskogee county by the defendants in error, Tony and Mary Herrod, as plain-tiffs, against the plaintiffs in error, Chas. F. Runyan and Thomas F. Meagher, as defend-ants, for the purpose of cancelling certain deeds as clouds upon the title of plaintiffs to certain inherited lands. The case was tried upon the issues joined by the amended peti-tion and the separate answer of the defend-ant, Chas. F. Runyan.

It appeared by the pleadings: That Morris Herrod was a duly enrolled citizen of the Creek Nation, and took the lands in con-troversy as a part of his proportionate share of the tribal lands by patent dated September 12, 1903. That in May or June, 1907, the said Morris Herrod executed and delivered a deed of general warranty to the premises in con troversy to the defendants Chas. F. Runyan and Thomas F. Meagher, which was duly re-corded. That as a part of the consideration for said deed the defendant Chas. F. Runyan

executed and delivered to the said Morris Herrod the following instrument:

"This is to certify to Morris Herrod that there is due and payable to him the sum of nine hundred dollars upon his land consisting of eighty acres deeded to Thomas F. Meagher and Chas. F. Runyan of May 17, 1907, being the balance of the purchase price of $1,000, and that same is due and payable to said Morris Herrod when the title to said land is perfected."

That Morris Herrod died on the 27th day of August, 1907, single and intestate, leaving as his surviving heirs at law Tony and Mary Herrod, the plaintiffs, who were the father and mother of Morris Herrod. That on October 21, 1907, the defendant Thomas F. Meagher executed his deed conveying said lands to the defendant Chas. F. Runyan, which deed was duly recorded. These deeds were assailed upon the ground of the minority of Morris Herrod at the date of the execution of his deed. The case was tried to a jury upon the sole issue of the minority of the grantor, Morris Herrod, upon which issue the jury found in favor of the defendants. That the court adopted this finding of the jury and rendered judgment in favor of the defendant Chas. F. Runyan, decreeing in him the fee-simple title to the lands in controversy and quieting the same, subject to the payment by him to the plaintiffs of the said sum of nine hundred dollars with interest thereon at the rate of 6 per cent. per annum from May 17, 1907. This judgment was rendered on the 7th day of May, 1913, and both parties prayed an appeal. No appeal was perfected, but on the 8th day of September, 1914, the plaintiffs Tony and Mary Herrod n c t their motion for a nunc pro tunc order, correcting said judgment as recorded by the clerk so as to make the same show the entire judgment of the court. On September 9, 1914, after due notice to the defendants, the court granted said motion and made an order directing the clerk to complete the entry of said judgment as of May 7, 1913. After unsuccessful motion for new trial defendants have brought the case here for review.

There are eight assignments of error, but they are all comprised in and may be determined by the following question and its answer: Did the trial court have authority to render a personal judgment against the defendant for the unpaid purchase price, and, if so, did it have authority after the term to award execution thereon?

Plaintiffs sued to remove a cloud from their title, claiming the original deed to defendants to be void by reason of the minority of the grantor. Defendants answered, alleging validity of the deed to them, claiming title, asking that it be quieted, and admitting the indebtedness for the unpaid purchase price. The case was tried to the court except as to the special issue of the minority of the original grantor, which was submitted to a jury. It would have been competent for the court to have permitted an amendment of plaintiffs' prayer for relief so as to ask for personal judgment against the defendant for the unpaid purchase price in the event his title was found to be good, and where the pleadings and the proof both justify such action, "this court will consider the case the same as if an amendment had been made, and will not reverse it because of the failure to make the amendment." Mulhall v. Mulhall, 3 Okla. 252, 41 Pac. 577; Foote v. Sprague, 13 Kan. 155; Bank of Lindsborg v. Ober, 31 Kan. 599, 3 Pac. 324; Tipton v. Warner, 47 Kan. 606, 28 Pac. 712.

Judgment was rendered May 7, 1913, and among other recitals it contained the following:

"It is further ordered, adjudged and decreed that the title of the said Charles F. Runyan in said lands be and the same is hereby quieted in him as against all of the plaintiffs upon the payment into the hands of the clerk of this court of the said sum of $900, and interest thereon from May 17, 1907, until paid at the rate of 6 per cent. per annum, and that the plaintiffs take nothing in said lands by reason of this suit."

And said judgment contained this further recital:

"The court further finds that the defendant Charles F. Runyan is therefore at this time the owner in fee and entitled to the possession of the lands above described and in controversy in this action, subject to the payment of $900. balance of purchase price as above set out, together with interest thereon at the rate of 6 per cent. per annum, from May 17, 1907, until paid, and that the plaintiffs Tony Herrod and Mary Herrod are entitled to receive and recover of and from the said defendants the said sum of money."

Thereafter on the 8th day of September, 1914, the plaintiffs Tony and Mary Herrod filed their motion in the above-entitled cause, wherein they set up that there was a diminution of the record of said judgment as entered by the clerk, and prayed for an order correcting and completing said journal entry of said judgment nunc pro tunc, as of May 7, 1913. Notice of said motion was duly served upon the defendants, and upon hearing of said motion the court entered its order correcting and completing the journal entry of said judgment, and among the recitals in said order was the following:

"That in entering the judgment of the court on the journal of the court the clerk failed to

enter all of the judgment of the court in this, that the clerk failed to enter that part of the judgment in favor of the plaintiffs Tony Herrod and Mary Herrod against the defendant Charles F. Runyan for the sum of $900, and interest at the rate of 6 per cent. per annum from May 17, 1907. It is therefore by the court considered, adjudged and decreed that the clerk of this court be and he is hereby directed to complete the entry upon the journal of the court at page 194½ of Book 6, by entering the following upon said journal, to wit: 'It is therefore by the court further considered, adjudged and decreed that the plaintiffs, Tony Herrod and Mary Herrod, have and recover of and from the defendant Charles F. Runyan the sum of $900, together with interest at the rate of 6 per cent. per annum from May 17, 1907, for which let execution issue.' "

The authority of courts of record over their judgments and orders for the purpose of correcting or completing the same is not a new question in this state, nor does it lack statutory sanction. By sec. 5267, Rev. Laws 1910, it is provided:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made; * * * Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

By sec. 5275, it is provided:

"The provisions of this article shall apply to all * * * courts of record of the state, so far as * * * same may be applicable to the judgments or final orders of such courts."

This statute has received construction several times in this jurisdiction, and each time that the matter has been passed upon the authority of the court to act under the statute has been upheld. In the case of In re C. W. McQuown, 19 Okla. 349, 91 Pac. 690, 11 L. R. A. (N. S ) 1136, Mr. Chief Justice Burford uses the following language:

"The court may, at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order nunc pro tunc cause its record to recite the truth and may supply any omission from its records."

In the case of the Board of County Commissioners of Day County v. State of Kansas, 19 Okla. 398, 91 Pac. 699, 708, the court says:

"We know of no reason why a person interested in a judgment of a court of record should not appear before the court at any time and ask to have the journal of the court made correct and complete as of the date such record should have been made, and, we think, the court should entertain and hear and determine such motion upon due notice to those adversely interested, and where, as in this case the default originally was that

of the court and its officials, and not of the party, we think it the duty of the court to make its records complete at any subsequent date when the default is called to the court's attention."

To the same effect is the case of Clark et al. v. Bank of Hennessey, 14 Okla. 572, 79 Pac. 217.

It is concluded from the record in this case and from the authorities above cited that the superior court of Muskogee county had full authority to render the judgment which it did render on the 7th day of May, 1913, and that upon said judgment being incorrectly recorded by the clerk it had full authority upon motion and notice to correct and complete said journal entry. in September, 1914, to show the true judgment which was rendered by the court in the action.

For the reasons above stated, the judgment of the superior court of Muskogee county should be affirmed.

By the Court: It is so ordered.