## FRANK HALBERT v. STATE.

No. A-3561—Opinion Filed Feb. 14, 1921.

(195 Pac. 504.)

(Syllabus.)

1. **RAPE—Attempt—Sufficiency of Evidence.** The testimony of the abused person and the testimony corroborating the same, the defendant being charged with an assault to commit rape, examined, and found sufficient to support a verdict of guilty.

2. **TRIAL—Province of Jury—Former Jeopardy.** Ordinarily, the question of former jeopardy is for the jury, upon a separate plea raising the issue; but where the question is prematurely presented to the court on a motion to quash the information, disclosing to the court disputed facts as to the identity of the offenses and a question of whether or not the former plea of guilty was collusive, the court properly submitted the question

to the jury, after the plea of former jeopardy was subsequently filed.

3. **EVIDENCE—Best Evidence of Former Conviction.** The best evidence of a former conviction in a court of record is: 1. The indictment or information and a copy of the minutes of the plea or demurrer. 2. A copy of the minutes of the trial. 3. The charges given or refused, and the indorsements, if any, thereon, when tried to a jury. 4. A copy of the judgment.

4. **FORMER JEOPARDY—Collusive Conviction.** A conviction procured fraudulently or by collusion of the offender, for the purpose of protecting himself from a prosecution for the same offense, or for a higher degree of the same offense will not bar a second prosecution.

5. **SAME—Proof of Collusion.** Where a charge of assault and battery against a defendant is pending in the county court and a few days later a charge of assault to commit rape is lodged in the same court, sitting as an examining magistrate, both charges covering the same transaction, the testimony of persons relating to their efforts to insist upon the prosecution of the latter complaint may be competent for the purpose of throwing some light upon the question of whether a plea of guilty in the misdemeanor charge first filed was collusive.

*Appeal from District Court, Canadian County;
Edward Dewes Oldfield, Judge.*

Frank Halbert was convicted of attempting to commit rape in the second degree, and he appeals. Affirmed.

*J. N. Roberson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

BESSEY, J. On May 22, 1916, the plaintiff in error, Frank Halbert, hereinafter called defendant, was informed against in the district court of Canadian county for an attempt made on May 12, 1916, to ravish Flora Griffin, a female under the age of 14 years. This information was later amended, and upon trial, November 29, 1918, the defendant was convicted of an assault to commit rape in the

second degree, and was sentenced to imprisonment for a term of 4 years in the state penitentiary. To reverse this judgment the defendant prosecuted this appeal.

It will serve no good purpose to review the testimony in detail. The testimony on the part of the state was to the effect that the defendant and Flora Griffin resided on adjoining farms; that on May 12, 1916, Flora Griffin went from her home to get the family mail at a rural mail box about one-half mile distant; that defendant was working in a field nearby, and suddenly appeared at the mail box, and after some conversation put his arm around Flora Griffin and kissed her, and after some wrestling and scuffling he threw her on the ground, and he offered her money if she would submit to sexual intercourse, and that he forcibly tried to unbutton and remove her clothes; was astride of her person; that she successfully resisted for about 10 minutes, when he suddenly went away, after which she ran home crying and told her mother.

The defendant's testimony was to the effect that he was there present at the time and place charged in the information, and that he and Flora Griffin wrestled and scuffled in a friendly way for the possession of a postal card then in her possession, and that she fell down, but that there was no attempt to disarrange her clothing, and no intention on his part to ravish her.

The defendant entered two pleas in this case, a plea of not guilty and a plea of former jeopardy, in the latter of which he pleaded and sought to prove that he had been previously informed against, and pleaded guilty to a charge of assault and battery in the county court of Canadian county, wherein he was assessed a fine of $10 and costs, which charge involved the same facts and transactions at

issue in this prosecution. In support of his plea of former jeopardy, the information charging an assault and battery in the county court was introduced in evidence, together with the clerk's minutes, showing that a fine of $10 had been assessed and paid.

The complaint and information charging assault and battery were filed in the county court May 13, 1916. The complaint and information charging an assault to commit rape were filed in the same county court, sitting as an examining magistrate, May 22, 1916. The charging parts of the two informations were as follows:

"For he, the said Frank Halbert, then and there being, did then and there wilfully and unlawfully and with force and violence take hold of and throw her, the said Flora Griffin, to and upon the ground, and did then and there attempt to remove the clothing from her, the said Flora Griffin, with intent to do corporal hurt to her, the said Flora Griffin."

The charging part of the information on which defendant was tried in the district court was as follows:

"That he, the said Frank Halbert, did then and there willfully, unlawfully, and feloniously, and without the consent and against the will of her, the said Flora Griffin, take hold of her, the said Flora Griffin, and did throw her upon the ground, and did then and there attempt to have sexual intercourse with her and to carnally know her, the said Flora Griffin, but did so fail in his purpose; that he, the said Frank Halbert, did willfully, unlawfully, and feloniously assault her, the said Flora Griffin, and with the willful, unlawful, and felonious intent to rape and ravish her the said Flora Griffin; and he, the said Frank Halbert, was at said time over the age of 18 years."

The defendant, before the trial and before entering any plea, sought to raise the question of former jeopardy

by a motion to quash the information in the district court. After the introduction of testimony on that issue, on motion to quash, in which the two informations, the clerk's minutes, and certain oral testimony touching the identity of the offenses was introduced, the court held the question of former jeopardy was, under the circumstances in this case, a question of fact for the jury, to be considered upon a separate plea by the defendant. Whereupon the defendant pleaded not guilty, and entered a separate plea of former jeopardy.

The defendant, in his brief, insists on but three assignments of error, viz.:

(1)    That the evidence is insufficient to support the verdict of guilty.

(2)    That the issue of former jeopardy in this case was for the court, and that the court, under the testimony, should have instructed the jury to render a verdict for the defendant on the issue of former jeopardy.

(3)    Admission of improper and prejudicial testimony over the objections of defendant.

First. As to the sufficiency of the evidence, Flora Griffin, in a straightforward manner, apparently without bias or malice, testified that the defendant with force attempted to have sexual intercourse with her. Other witnesses testified that the weeds and grass were trampled down at the place where the assault took place; that the abused child told her mother about it immediately upon her return to her home. The defendant's plea of former jeopardy and his testimony in support of his plea in part corroborated her testimony. In the opinion of the court, upon the plea of not guilty there was sufficient evidence to

support the verdict, outside of the issue of former jeopardy. As indicative of a felonious intent, the admission of the defendant in his plea of guilty to the misdemeanor charge in the county court that he "threw the said Flora Griffin to and upon the ground, and did then and there attempt to remove the clothing from her, the said Flora Griffin," in connection with the oral testimony adduced, amply justified the jury in rendering a verdict of guilty.

Second. Ordinarily the question of former jeopardy is for the jury, upon a plea raising that issue, and where, as in this case, the question was prematurely presented to the court on a motion to quash the information wherein it was disclosed that there were disputed questions of fact relating to the former conviction, the court very properly submitted such issues to the jury after the plea of former jeopardy was subsequently filed. *Newton v. State,* 14 Okla. Cr. 226, 170 Pac. 270.

Section 5822, Revised Laws of Oklahoma 1910, is as follows:

"An issue of fact arises. First. Upon a plea of not guilty or, Second. Upon a plea of former conviction or acquittal of the same offense."

Section 5823, Id.:

"Issues of fact must be tried by a jury."

The court, in instruction 7, in substance states that the crime of assault and battery is included in a charge of an assault to commit rape in the second degree, as follows:

"You are instructed that included in the charge of assault with intent to commit rape in the second degree is the crime of assault and battery, and in this connection

you are further instructed that an assault is any willful and unlawful attempt to offer with force and violence to do a corporal hurt to another, and a battery is any willful and unlawful use of force or violence upon the person of another, and is punishable by imprisonment in the county jail not exceeding 30 days or by fine of not less than $5 or more than $100, or both."

Assuming, without deciding, that the law as stated by the court, as above quoted, is correct, this instruction was most favorable to the defendant, so that the jury could have found, if the facts warranted it, in favor of the defendant on that phase of his plea of former jeopardy.

Moreover, the proof on the question of the identity of the two charges was not supported by the best evidence. The county court in this state is a court of record, and the best evidence of a former conviction in a county court would be the record of that court. What constitutes a judicial record in this state is defined by statute, section 5960 Revised Laws of Oklahoma 1910, being as follows:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"First. The indictment and a copy of the minutes of the plea or demurrer.

"Second. A copy of the minutes of the trial.

"Third. The charges given or refused, and the indorsements, if any, thereon.

"Fourth. A copy of the judgment."

It would seem, therefore, that a former conviction must be established by proving the rendition of a judgment

on the verdict or plea of guilty. A judgment cannot properly be shown by an entry in the appearance docket, as was done in this case. 15 R. C. L. 581; *Cockrell v. Schmitt*, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737.

If the jury believed and were satisfied from the secondary testimony adduced that there was a former conviction or plea of guilty for the same offense, then the question of bad faith and collusion in pleading guilty to the former misdemeanor charge was sufficiently supported by the records and other testimony introduced to warrant a verdict for the state on the plea of former jeopardy. It appears from the secondary evidence that the defendant was not present in the county court when the plea of guilty in the misdemeanor charge was made, entered, and satisfied. Presumably, the defendant's attorney or his father did this for him. The record is silent as to whether the county attorney was present. On this occasion the court may have overlooked or forgotten that the more serious charge was pending; or it may be that the court was misinformed, and that a fraud was practiced on the court by the defendant or some one for him. It is very unusual in a charge of assault and battery against a little girl to charge that the offender threw her upon the ground, and then and there attempted to remove the clothing from her. This might properly be considered by the jury as a circumstance tending to show that the plea of guilty on the assault and battery charge was procured by the defendant or some one for him to forestall the more serious felony charge. This, in connection with the admissions of the defendant himself, amply justified the jury in finding for the state on the plea of former jeopardy. In answer to the question,

"Why did you plead guilty to that charge?" he answered:

"For the simple reason that my father came and talked to the county attorney. We had been having trouble with the Griffins, and when they filed that charge I pleaded not guilty. Well, father went and talked with the county attorney about it, and to keep down a stink and gossip around over the country he thought it would be best to plead guilty and be done with it."

It is well established that a conviction procured fraudulently or by collusion of the offender, for the purpose of protecting himself from further prosecution for the same offense or for a higher degree of the same offense, will not bar a second prosecution. *Evans v. Wills, County Judge*, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; 16 Corpus Juris, 237, and cases there cited: Notes and annotations, L. R. A. 1918A, 1181.

The issue of a collusive conviction for the purpose of evading a prosecution for a more serious offense, under the evidence in this case, was by the court fairly submitted to the jury in the following instructions:

"But in this connection you are further instructed that a former conviction procured by the fraud of the defendant is no bar to subsequent prosecution; that is, where the accused, hearing of a pending or threatened prosecution, voluntarily or by a collusive arrest goes before a justice of the peace or a county court and is convicted of a misdemeanor. he cannot subsequently plead former jeopardy or former conviction to a felony charge for the same crime.

"And in this connection you are instructed that as to the defendant's plea in this case of former conviction, if you find and believe from the evidence that the plea of guilty entered into in the county court to the assault

and battery charge therein filed in this county was collusively entered into by the defendant and the county attorney in order that the defendant might avoid prosecution for a felony in the district court of this county, then you are instructed that you will find for the state as to such plea of former conviction.

"However, if you find and believe from the evidence that the plea of guilty was entered into in the county court without collusion between the county attorney's office and the defendant, Frank Halbert, then you are instructed that your verdict on the plea of former conviction should be for the defendant.

"And in this connection you are further instructed that the burden of the proof is on the state to prove to your satisfaction beyond a reasonable doubt such collusion. And unless you find and believe from the evidence that the state has proven such collusion beyond a reasonable doubt, your verdict must be for the defendant on his plea of former conviction."

Third. The defendant in his brief complains that the court permitted the state to introduce evidence that was incompetent and prejudicial to the rights of the defendant, on the part of Mrs. Griffin, mother of the abused girl, O. M. Martin, and J. B. Griffin concerning their efforts, and others', to induce the county attorney to proceed with the prosecution of the felony charge in the district court. This testimony was doubtless admitted for the purpose of throwing some light upon the question of whether or not the misdemeanor charge was collusive. The weight that should be given to such testimony is for the jury to determine; and, considered with all the other testimony in this case, we cannot say that this testimony was incompetent or erroneously admitted, but, on the contrary, was properly admitted as being in part ex-

planatory of the conditions surrounding the prosecution of the two charges. Whatever weight the jury may have given to the testimony of which the defendant complains, the other testimony and the records introduced sufficiently warranted the jury in coming to the conclusion that the plea of guilty to the misdemeanor charge was collusively permitted to be entered for the purpose of escaping the more serious charge of assault of attempting to commit rape.

Finding no prejudicial error in this record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.