## JOHN BASSETT v. STATE.

No. A-6649.    Opinion Filed March 2, 1929.
(274 Pac. 893.)

J. G. Harley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county for a second and subsequent violation of the prohibitory liquor law, and his punishment fixed at a fine of $200 and confinement in the state penitentiary for a term of 4 months.

The information charges a second and subsequent violation of the prohibitory liquor law under section 6991, Comp. Stat. 1921, and alleges that, on the day charged, defendant sold to one John Thompson a glass of whisky for 50 cents, and that he had theretofore on September 28, 1921, in the county court of McIntosh county, been convicted of having the unlawful possession of intoxicating liquor.   The defendant did not take the stand, and offered no testimony.

Only one contention is made; that is, that the for-

mer conviction of a violation of the prohibitory liquor law is not sufficiently proven. In order to sustain the allegation of a former conviction, there must be proof from which the jury can find beyond a reasonable doubt that there was such conviction in a court having jurisdiction. The record here discloses that the court clerk was called as a witness for the purpose of proving the prior conviction. The original information was not in the files. A copy of the information was identified and offered, but, objection being made, this was not admitted in evidence. The warrant and the verdict and the judgment and sentence were identified and admitted in evidence. The warrant recites that complaint has been filed charging the unlawful possession of intoxicating liquor and commands the arrest of defendant; it bears a return showing the arrest. The verdict finds the defendant guilty as charged in the information and fixes the punishment. The judgment and sentence recites the filing of the information charging the crime of possession of intoxicating liquor, recites the trial and conviction, and imposes punishment as fixed by the verdict, and orders the imprisonment of defendant to satisfy the judgment; it bears a return of the sheriff that he has confined defendant as commanded. If this is sufficient proof of a prior conviction of a violation of the prohibitory liquor law, the judgment should be affirmed. If it is not sufficient proof, the judgment must be reversed.

In a prosecution under the statute here involved (section 6991), it is necessary that the prior conviction be alleged with sufficient certainty to enable the court to determine whether or not the statute applies; and the proof must establish this fact beyond a reasonable doubt, as any other material allegation in the information. There is some difference in the authorities under similar statutes as to the manner in which the former conviction may be proven, but it seems to be settled that it may

be proven by the record or a certified copy of the record of the prior conviction (State v. Howard, 30 Mont. 518, 77 P. 50), or by journal entries (People v. Campbell, 173 Mich. 381, 139 N. W. 24). It is also said that any legitimate testimony is admissible to prove the fact. Gould v. State, 66 Tex. Cr. 122, 146 S. W. 172. See, also, Tall v. Com. (Ky.) 110 S. W. 425; People v. Boardman, 172 App. Div. 733, 159 N. Y. S. 577.

This court, in the case of Rogers v. State, 34 Okla. Cr. 15, 244 P. 461, held:

"Where the accused is charged with a second offense, under the provisions of section 6991, Comp. Stat. 1921, and the information charges that the former conviction was affirmed by this court on appeal, such affirmance is of itself a final judgment. And, where such judgment of affirmance is established by competent evidence, proof of all the steps taken in the trial court leading up to the final judgment on appeal is not necessary."

See, also, Halbert v. State, 18 Okla. Cr. 378, 195 P. 504.

Here the fact of the prior conviction as alleged in the information is not controverted, nor the sufficiency of the information alleging it, but merely the manner in which the fact is proven.

We perceive no good reason why those parts of the record introduced, properly identified—that is, the warrant of arrest, the verdict of the jury finding the defendant guilty, the judgment and sentence imposed in conformity to such verdict, and a further showing that the defendant was committed in conformity to the sentence— is not sufficient proof of the prior conviction. Technically this may not be the most approved way of proving the prior conviction, but the proof is legally sufficient.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.