JOHN BASSETT v. STATE.

No. A-6397.   Opinion Filed April 27, 1929.
(276 Pac. 794.)

J. G. Harley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county for a second and subsequent violation of the prohibitory liquor law and his punishment fixed at a fine of $200 and confinement in the state penitentiary for a term of four months.

The record discloses that on the 9th day of March, 1926, defendant sold to one Claude Martin two glasses of whisky for 75 cents, and that he had heretofore on September 28, 1921, in the county court of McIntosh county, been convicted of having unlawful possession of intoxicating liquors.

Only one contention is made by the defendant, which is stated in his brief: "All the errors may be submitted to this court together as the defendant is resting on one single proposition: That there is no competent legal evidence of a former conviction of the violation of the Prohibitory Liquor Laws of the State of Oklahoma admitted in evidence."

In the case of John Bassett v. State, 42 Okla. Cr. 126, 274 Pac. 893, Edwards, P. J., speaking for the court, passed on the precise question involved in this case: "In a prosecution under the statute here involved (Section 6991) [Comp. Stat. 1921], it is necessary that the prior conviction be alleged with sufficient certainty to enable the court to determine whether or not the statute applies, and the proof must establish this fact beyond a reasonable doubt," the same "as any other material allegation

in the information. There is some difference in the authorities under similar statutes as to the manner in which the former conviction may be proven, but it seems to be settled that it may be proven by the record or a certified copy of the record of the prior conviction (State v. Howard [30 Mont. 518], 77 Pac. 50). Or by journal entries (People v. Campbell, 173 Mich. 381, 139 N. W. 24). It is also said that any legitimate testimony is admissible to prove the fact. Gould v. State, 66 Tex. Cr. R. 122, 146 S. W. 172.