## PAUL SMILEY v. STATE.

No. A-7941.   Opinion Filed July 31, 1931.
(1 Pac. [2d] 829.)

Rice & Mitchell, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed by the jury at a fine of $50 and imprisonment in the state penitentiary for a period of one year and one day.

The only contention made by the attorneys for defendant in their brief is that the evidence of the prior conviction is insufficient to support the verdict of the jury.

To support the charge of a prior conviction, the state introduced the information filed against the defendant in the county court of McClain county, charging him with unlawful transportation of intoxicating liquor on the 2d day of July, 1927; the minutes of the county court showing that a verdict was returned by the jury; the verdict of the jury finding defendant guilty as charged in the information; the criminal appearance docket to show that no appeal had been taken from that judgment, and to further show that the defendant had paid the fine of $50;

the record kept by the sheriff showing that the defendant was received by the sheriff into his custody under such judgment and served 30 days in the county jail to which he was sentenced.

The county judge being called as a witness testified that he pronounced judgment against defendant and gave the minute of same to the court clerk, but that the clerk failed to enter it of record, and that the judge inadvertently failed to sign the journal entry of judgment at the time the judgment and sentence was pronounced. He testified that defendant's counsel was the county attorney at the time the case was tried, that he relied upon the county attorney always to furnish him with a formal journal entry of judgment, and that he had not done so in this case.

Prior to the trial of the case, the county attorney's attention having been called to the fact that no formal journal entry of judgment had been filed, he filed motion for an order nunc pro tunc as of the date of the original judgment requesting the court to correct its record to show what actually occurred on that day. Thereupon the county judge held a hearing and entered an order nunc pro tunc correcting the record of the court to show that judgment and sentence was duly pronounced as shown by the minutes and the verdict of guilty by the jury.

Defendant objected to the introduction of this order nunc pro tunc, for the reason that the court was without any authority to make or enter the same.

In Ex parte Payton, 45 Okla. Cr. 1, 281 Pac. 597, this court said:

"The trial court may at any time upon proper application, from the memory of the presiding judge or upon

proper showing, by appropriate order nunc pro tunc, cause its record to recite the truth, and may supply any omission from its record. Such records, when so supplied, relate to the time when the proceedings were in fact had, and make valid that which was apparently defective."

In Courtney et al. v. Barnett et al., 65 Okla. 189, 166 Pac. 207, that court said:

"Jurisdiction is inherent in every court of record to cause its records to speak the truth and by nunc pro tunc order, on proper application and notice, to cause to be entered orders and judgments made by the court which, by inadvertence or mistake, the clerk or the court has omitted to record."

In the body of the opinion the court said:

"The rule in Oklahoma as to the evidence necessary to justify the making of a nunc pro tunc order is more liberal than the rule adopted in many of the states. Here an order for the entry of a nunc pro tunc judgment may be made upon parol evidence." Manuel v. Kidd, 126 Okla. 71, 258 Pac. 733.

In Bowling et al. v. Merry, 91 Okla. 176, 217 Pac. 404, 408, that court said:

"It has been repeatedly held in Oklahoma, as well as in other states and in the United States courts, that courts have the inherent right to correct their records and cause them to speak the truth where by inadvertence or mistake the clerk has failed or neglected to make the proper order, and mere lapse of time does not divest the court of this right. Wight v. Nicholson, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865; Gonzales v. Cunningham, 164 U. S. 612, 17 S. Ct. 182, 41 L. Ed. 572; Hyde v. Curling, 10 Mo. 359; State v. Clark, 18 Mo. 432; State v. Bilansky, 3 Minn. 246 (Gil. 169); Bishop's New Crim. Proc. 1345; Runyan et al. v. Herrod et al., 62 Okla. 87, 162 Pac. 196."

See, also, Bassett v. State, 43 Okla. Cr. 22, 276 Pac.

794; Woodmansee v. Woodmansee, 137 Okla. 112, 278 Pac. 279; Ex parte Payton, 45 Okla. Cr. 1, 281 Pac. 597.

In other cases this court has said that where a prior conviction is alleged to enlarge the grade or degree of the crime or the punishment under section 6991, C. O. S. 1921, it is not necessary that the entire record be introduced in order to prove the conviction; that such conviction may be proven by the journal entry of judgment, sentence, commitment properly identified, and the return of the sheriff to the commitment showing imprisonment, by the verdict of the jury, by a certified copy of the record of the prior conviction, or by any other competent evidence. Rogers v. State, 34 Okla. Cr. 15, 244 Pac. 461; Bassett v. State, 42 Okla. Cr. 126, 274 Pac. 893; Leasure v. State, 46 Okla. Cr. 70, 283 Pac. 1023.

The county court had authority by order nunc pro tunc to correct its record to speak the truth, and when such record was corrected the journal entry of judgment was admissible in evidence.

The evidence of the state being sufficient to establish the fact of the prior conviction, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.