# ASA PITZER v. STATE.

No. A-9625.   May 29, 1940.
(103 P. 2d 109.)

O. S. Shaw and M. E. Becker, both of Boise City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant Asa Pitzer was charged in the district court of Cimarron county with the offense of unlawful possession of intoxicating liquor, and charged that the same was the "second offense;" was tried, convicted, and sentenced to serve a term of 30 days in the county jail and pay a fine of $50, and has appealed.

The Attorney General has filed herein a motion to dismiss for the reason that no notice of appeal was served upon either the county attorney or the court clerk as required by section 3193, O. S. 1931, 22 Okla. St. Ann. § 1055.   The defendant filed a verified response to this motion, in which he admits that no notice of appeal was served on the court clerk or the county attorney of Cimarron county, but alleges that the Attorney General did execute and file a waiver of summons in error on the 22nd day of July, 1939.

An examination of the record sustains the allegations of the response of the defendant, and shows that the Attorney General executed and filed a waiver of the issuance and service of a summons in error on July 22, 1939, and that the same was filed on that date.

As was stated in the second syllabus in Lutke v. State, 37 Okla. Cr. 18, 255 P. 719:

"Where the notices of appeal required by statute have not been served, this defect may be cured by the service

of a summons in error upon the Attorney General or by securing a waiver thereof."

The motion to dismiss being without merit, the same is hereby overruled.

The defendant contends that the affidavit for search warrant was insufficient both by reason of failure to allege sufficient evidentiary facts in the body of the affidavit and because the description of the premises set forth in the affidavit did not sufficiently describe the premises to be searched. Secondly, the defendant contends that the district court was without jurisdiction to try said case for the reason that the state failed to prove "second offense."

Before the commencement of the trial of this case, the defendant filed his motion to suppress the evidence; a hearing was had thereon; the affidavit and search warrant upon which this information was predicated were introduced in evidence. The affidavit for search warrant recites certain positive evidentiary facts from which the justice of peace could find that probable cause existed for the issuance of a warrant. The defendant contends that since the affidavit used was from an old form, which recites that the whisky and other liquors named in the affidavit contained more than one-half of one per cent. instead of more than 3.2 per cent. alcohol, the same is insufficient upon which to base the issuance of a search warrant. This court will take judicial notice of the fact that whisky is intoxicating and contains more than 3.2 per cent. alcohol by weight. The statement that the liquors contained more than one-half of one per cent. of alcohol is mere surplusage.

While we shall not hold that the affidavit in this case is a model in form and substance, we do hold that

there are facts stated therein which were sufficient to warrant the magistrate in making a finding of probable cause. While a search warrant must be based upon evidentiary facts, the quantum of evidence necessary to show probable cause may be quite insufficient to support a verdict of guilty. Smith v. State, 30 Okla. Cr. 144, 235 P. 273; Heath v. State, 54 Okla. Cr. 240, 17 P. 2d 527.

An affidavit almost identical in wording as the one herein was sustained in the recent case of Key v. State, 69 Okla. Cr. 71, 100 P. 2d 291.

The description set forth in the search warrant reads as follows, to wit:

"A one story two room frame building about 12 feet wide and 20 feet long.

"Located on Lot 6, Block 10, Boise City, Cimarron County, State of Oklahoma.

"Said described property is in the possession and under the control of Asa Pitzer and Alice Pitzer."

The defendant introduced the evidence of an abstracter who testified that there were six pieces of property that could be described as lot 6 in block 10 in Boise City. On cross-examination, however, it was brought out that all of these lots except one are in certain additions to Boise City, so that with correct descriptions of those premises it would be "Lot 6, Block 10, Highland Addition;" "Lot 6, Block 10, Hixon Addition," etc. The proof further showed that the additions to Boise City were made in about 1926 or 1927; prior to that time there was only one lot 6 of block 10, and that was in the original townsite of Boise City; that prior to the annexation of the additions to Boise City the description, "Lot 6, Block 10, Boise City," as set forth in the search warrant covered the only lot 6, block 10, in existence. That after the additions

were made, the description, "Lot 6, Block 10," was taken to mean "Lot 6, Block 10 of the Original Townsite of Boise City."

The search herein was made of the defendant's premises in lot 6, block 10 of the original townsite of Boise City. The descriptions in the search warrant must be construed together, and the same is sufficient if it enables the officer executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the search warrant. Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260; Bohannon v. State, 66 Okla. Cr. 190, 90 P. 2d 675.

The name of the occupant as well as the description of the house is a part of the description in the search warrant, the same as the legal description of the premises; and when these items are construed together with the fact that "Lot 6, Block 10, Boise City," is regarded by those in the abstracting business and people generally at Boise City as meaning lot 6, block 10 of the original townsite, we hold that there is no error of the court in holding that the description was sufficient so as to enable the sheriff to serve the warrant without obtaining additional information from outside sources.

The evidence on behalf of the state showed that the sheriff, together with two deputies, made a search of the premises described in the warrant and found seven pints of whisky, 14 pints of alcohol, seven pints of wine, and one pint of gin, sitting on the floor in the kitchen in plain sight. This was sufficient to make a prima facie case.

No proof was offered by the defendant.

As a part of the evidence of the state, an information carrying the style: "The State of Oklahoma, vs. Asa Pitzer, Defendant. In the County Court of Cimarron County, Okla-

homa," charging Asa Pitzer with the possession of a still worm on or about the 27th day of June, 1929; the journal entry of judgment showing a plea of guilty entered to said charge and the appearance docket showing the payment of the fine were identified by the court clerk and introduced as evidence. The defendant contends that since no witness identified the Asa Pitzer who was charged in 1929 as being the identical Asa Pitzer on trial herein, the evidence is insufficient to prove a "second offense" and, therefore, the district court is without jurisdiction to try the charge.

This court has heretofore decided this matter contrary to the contention of the defendant.

In Files v. State, 16 Okla. Cr. 363, 182 P. 911, we held:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered in evidence of one of the same name as that of the defendant on trial, it is not necessary for the state to prove that the person named in said former conviction and the defendant on trial is one and the same person."

In Bassett v. State, 42 Okla. Cr. 126, 274 P. 893, we held the following:

"In a prosecution under the statute here involved (section 6991 [now section 2632 O. S. 1931, 37 Okla. St. Ann. 12]), it is necessary that the prior conviction be alleged with sufficient certainty to enable the court to determine whether or not the statute applies; and the proof must establish this fact beyond a reasonable doubt, as any other material allegation in the information. There is some difference in the authorities under similar statutes as to the manner in which the former conviction may be proven, but it seems to be settled that it may be proven by the record or a certified copy of the record of the prior conviction (State v. Howard, 30 Mont. 518, 77 P. 50), or

by journal entries (People v. Campbell, 173 Mich. 381, 139 N. W. 24)."

In Smiley v. State, 51 Okla. Cr. 364, 1 P. 2d 829, it is stated that where a prior conviction is alleged to enlarge the grade or degree of the crime or the punishment under this section, it is not necessary that the entire record be introduced in order to prove the conviction.

The fact of a "second offense" must be proved by competent evidence beyond a reasonable doubt, the same as all other material allegations of the information; and the same may be proved by circumstantial evidence. The circumstances shown by the record herein are sufficient, if they are believed by the jury, to sustain the charge.

The guilt of the defendant is thoroughly established. The punishment meted out to the defendant is the minimum authorized by the law. No legal reason existing, showing that the defendant has been deprived of any of his constitutional rights, the judgment is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.