### JESS BIRD v. STATE.

No. A-10843.  Dec. 17, 1947.

(188 P. 2d 242.)

314

F. J. Lucas, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Sim T. Carman, County Atty., Osage County, Oklahoma, of Pawhuska, for defendant in error.

BAREFOOT, P. J. The defendant, Jess Bird, was charged with the crime of burglary in the second degree, second offense, in the district court of Osage county; was tried, found guilty, and his punishment assessed at eleven years in the State Penitentiary at McAlester, and he has appealed.

Defendant's first proposition for a reversal of this case is:

"The verdict in this case is contrary to the law and the evidence in that the testimony of the accomplices for the State in this case was not corroborated in the sense of the law sufficient to connect the defendant with the crime charged."

Defendant was charged jointly with Charles Cordrey, LeRoy Kirk, and Jack Eldridge with breaking into a certain brick building in the town of Hominy, Osage county, occupied and used by A. M. Millsaps as a grocery store and market, and taking therefrom 800 pounds of sugar and some cash. It is further alleged in the information that defendant had on May 6, 1940, entered a plea of guilty to the crime of burglary in Osage county, and had been sentenced to serve a term of two years in the Oklahoma State Penitentiary.

At the trial of defendant, his codefendants LeRoy Kirk and Jack Eldridge both testified for the state. Both of these codefendants testified that defendant participated with them and Charles Cordrey in burglarizing the Millsaps store, and taking the sugar therefrom, as alleged.

Defendant's first contention is based on 22 O. S. 1941 § 742, which provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The construction of this statute has been before this court upon many occasions. It would unduly lengthen this opinion to attempt to discuss the cases, and we merely cite a few, which fully announce the law as applied to this statute: Cole v. State, 61 Okla. Cr. 57, 65 P. 2d 547; Hufford v. State, 61 Okla. Cr. 141, 66 P. 2d 529; Howerton v. State, 65 Okla. Cr. 457, 88 P. 2d 904; Spivey v. State, 69 Okla. Cr. 397, 104 P. 2d 263; Scott v. State, 72 Okla. Cr. 305, 115 P. 2d 763; Blumhoff v. State, 72 Okla. Cr. 339, 116 P. 2d 212; Richardson v. State, 76 Okla. Cr. 101, 134 P. 2d 375; Plaxico v. State, 78 Okla. Cr. 353, 148 P. 2d 201; Anderson v. State, 79 Okla. Cr. 194, 153 P. 2d 245, and the cases cited therein.

As we said in the case of Richardson v. State, supra, [76 Okla. Cr. 101, 134 P. 2d 376], "each case stands upon the facts of that case, and subject to the legal principles announced in the many cases."

The witnesses LeRoy Kirk and Jack Eldridge both testified to burglarizing the premises described and taking the sugar. They testified that all four of the defendants drove in an automobile to the home of one John Hendricks and the defendant got out of the car and attempted to sell some of the sugar to him. This was in the nighttime, and immediately after the burglary.

John Hendricks testified that he had known defendant for 15 years, and that he lived next door to the defendant in Hominy. That defendant came to his door about 9 or 10 o'clock and knocked, waking him, and asked if he wanted to buy some sugar. He did not buy the sugar. The next morning he heard about the store being burglarized.

Willard Hull testified that some one whom he did not know came to his room ten miles east and one mile north of Hominy about 1:30 in the morning and tried to sell him some sugar, which he did not buy. He offered it for $40 per 100 pounds, and told witness he had about 400 pounds. This witness also testified that the party had a flashlight, which the evidence shows the parties had at the time of the commission of the burglary. He testified that the party told him he was out of gas, and that the car turned around and went toward Melvin Duncan's house.

Both accomplices testified to going to the Hendricks and Hull homes, and that defendant in person went to each of these houses. They then went to Melvin Duncan's home to get some gasoline. Melvin Duncan was a brother-in-law of the codefendant Charles Cordrey, and he let them have five gallons of gas.

Vassey Tyler testified that the defendant came to his home on Tuesday night following the Millsaps burglary, and wanted to sell him some sugar, and that he did not buy it. He told defendant Irving Miller might want to buy some. Irving Miller testified to some one coming to his home after he had gone to bed on Tuesday night following the Millsaps burglary and offering to sell him some sugar. He did not know who it was, but he understood the party to say his name was "Red Bird." The accomplices testified to accompanying the defendant to these places.

Charles Cass, the sheriff of Osage county, testified to finding 330 pounds of sugar in 10 pound bags, in a pasture. It was found where the two acomplices had stated it had been left, and the sheriff further testified that defendant had admitted to him that he was at the residences of John Hendricks and Willard Hull on the morning or night of August 26 1946, and tried to sell them sugar. He also admitted being at the home of Melvin Duncan. In this conversation, defendant told the sheriff he was trying to sell some sugar for some boys out of Tulsa. He did not state their names, and did not give a description of them. He also admitted to the sheriff that he had attempted to sell sugar to Vassey Tyler and Irving Miller on Tuesday night, after the burglary of the Millsaps store.

There were other facts and circumstances proven which tended to corroborate the testimony of the accomplices, but we do not consider it necessary to go further into the same. The above is amply sufficient to corroborate their statements, and to comply with the rule that the testimony of an accomplice must be corroborated, as announced in the many cases that have been before this court, some of which are cited above.

The second contention of the defendant is:

"The evidence to sustain the conviction in this case for second offense is insufficient and therefore contrary to law."

To substantiate the allegation of the information as to defendant's prior conviction of a felony, the state offered the court clerk of Osage county who identified the files of the prior case, and identified the judgment and sentence entered by the court, and the same was introduced in evidence. The sheriff of Osage county testified that de-

fendant was the identical person named in said judgment and sentence.

We think the case of John Bassett v. State, 42 Okla. Cr. 126, 274 P. 893, has properly decided the question here involved. It is there stated:

"Where a prior conviction is alleged to enlarge the grade or degree of the crime or the punishment under section 6991, Comp. Stat. 1921 [37 O. S. 1941 § 12], it is not necessary that the entire record be introduced in evidence in order to prove the prior conviction. Such conviction may be proven by the verdict of the jury and the judgment, sentence, and commitment, properly identified, or by other. competent evidence."

See also Files v. State, 16 Okla. Cr. 363, 182 P. 911; Halbert v. State, 18 Okla. Cr. 378, 195 P. 504; Rogers v. State, 34 Okla. Cr. 15, 244 P. 461; Bassett v. State, 42 Okla. Cr. 126, 274 P. 893; Smiley v. State, 51 Okla. Cr. 364, 1 P. 2d 829; Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109; Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389.

We are of the opinion that the introduction in evidence of the judgment, sentence and commitment of former conviction, or proof of the suspension of the sentence, as in this case, with the identification by the sheriff of Osage county, as to the defendant being the identical person named in said judgment and sentence, was sufficient in the absence of any evidence to the contrary, to prove beyond a reasonable doubt that the defendant' was the person so charged and convicted in accordance with the rules announced in the cases above cited.

It is next contended:

"The information in this case charging the defendant with burglary, second degree, second offense, was insuffi-

cient to confer jurisdiction of the court to try the defendant on the charge of burglary, second degree, second offense."

This contention is based upon the opinions in the cases of Tucker v. State, 14 Okla. Cr. 54, 167 P. 637, and Fowler v. State, 14 Okla. Cr. 316, 170 P. 917.

While not in direct language, these cases have practically been overruled by the case of Littlejohn v. State, 32 Okla. Cr. 401, 241 P. 210, 212.

The facts in the instant case are very similar to those in the Littlejohn case. Here the information charges that defendant entered a plea of guilty to the charge of burglary in the district court of Muskogee county, the same being a felony under the laws of the State of Oklahoma, and was "for the commission of said offense by said court at said time, sentenced to serve a term of two years in the Oklahoma State prison, at McAlester, Oklahoma." It was said, in the Littlejohn case:

"It also alleges that upon the plea of guilty entered by the defendant in the former conviction, the defendant was by the court sentenced to the penitentiary; which allegation is in substance that judgment was by the court entered upon the plea of guilty. The sentence introduced in evidence as the state's Exhibit B is in fact a judgment and sentence of the court.

"* * * This court takes judicial knowledge that under the law the selling of intoxicating liquor to a minor is a felony of which district courts have jurisdiction. * * * It is not essential that the information should plead the record in the former conviction. That is, it is not essential that it set out the information, plea of guilty, or the verdict of the jury and the judgment of the court. It is sufficient on this point if it definitely and certainly pleads a prior conviction in a court of competent jurisdiction of a specific violation of the prohibitory liquor laws."

See, also, Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754; Daves v. State, 77 Okla. Cr. 343, 141 P. 2d 603.

The fourth contention of the defendant is as follows:

"The trial court committed error in admitting hearsay evidence in this case on the part of the state, which was prejudicial to the constitutional and fundamental rights of the defendant."

This contention has reference to the testimony of the two accomplices with regard to sales and attempted sales of the sugar, taken in the Millsaps burglary, to Mr. and Mrs. Lunsford, of Cleveland, J. A. Burke, Vassie Tyler and Irving Miller.

In the conversations with Mr. and Mrs. Lunsford and J. A. Burke, the defendant was not present, but he was present and conducted the conversations with Tyler and Miller with reference to the attempted sale of the sugar. These conversations were on Tuesday following the burglary of the Millsaps store on Sunday night, and had reference to the sale of the sugar that had been hidden on the night of the burglary.

There was some evidence to justify the conclusion that the parties had agreed for Kirk and Eldridge to sell 200 pounds of the sugar and keep the proceeds, and for Cordrey and the defendant to sell 200 pounds, and keep the proceeds.

There can be no question but that there was a conspiracy among all the parties to burglarize the Millsaps store and to sell and dispose of the stolen sugar. The conspiracy was not completed until the sugar was sold. If this is true, the declarations of one or more of the conspirators is admissible against the others. Aside from this, the evidence in this case was sufficient to convict

the defendant, regardless of this evidence. The evidence at the time of the attempted sale to Tyler and Miller was in the presence of defendant. The court only submitted the testimony of the conversations with Mr. and Mrs. Lunsford for the purpose of showing the disposition of the sugar taken in the Millsaps burglary. In this we do not think there was error.

We have read the case of Bohannon v. State, 24 Okla. Cr. 103, 215 P. 1078, relied upon by the defendant. The facts in that case have no application here. There no conspiracy was shown. Here there was. There evidence was insufficient to sustain the conviction. Here it is sufficient.

Finding no error, the judgment of the district court of Osage county is affirmed.

JONES and BRETT, JJ., concur.